ORANGE,<br>March,<br>1840.

---

Smith
v.
Crane.

---

## John E. Chamberlain v. Willson and Prescott.

A witness is not bound to testify to any matter which will tend, in any manner, to show him guilty of a crime, or liable for a penalty.

If the witness understandingly waive his privilege and begin to testify, he must submit to a full cross-examination, if required.

The witness must first determine whether he will claim the privilege, and if the privilege is claimed, upon oath, the court cannot deny it, unless fully satisfied that the witness is mistaken, or acts in bad faith.

Trespass for breaking and entering the plaintiff's close and tearing down and demolishing his dwelling house. Plea not guilty.   Issue to the country.

On the trial in the county court, the plaintiff called as a witness Oscar B. Blake, and put to him the following question, " What do you know of the defendant's tearing down of the plaintiff's house ?" to which the witness answered, that

Orange,
March,
1840.

Chamberlain
v.
Willson &
Prescott.

he could not testify without exposing himself to a prosecution for crime, and disclosing his own guilt, and so criminating himself, and claimed to be excused from testifying. Whereupon the court decided that the witness was not bound to testify.

The plaintiff then proposed to said witness the following question. "What have you heard the defendants say on the subject, since?" To which the witness answered, that they had told him nothing but what he knew before; that what was said was by way of dialogue between them, in relation to the affair, and in such a way that he could not relate the conversation without criminating himself. Whereupon the court decided that he was not bound to testify in relation to such conversation.

The plaintiff offered no other testimony and a verdict was returned for the defendants. The plaintiff excepted to the decision of the county court, excusing the witness from testifying.

*A. Underwood,* argued for the plaintiff and cited, Roscoe on Ev. 133. *Thomas* v. *Newton,* M. & M. 46; 22 E. C. L. 244-5. Watson's case, 3 E. C. L. 291. Burr's trial, cited in 1 Stark. Ev. 165. 1 Stark. Ev. 143. Roscoe on Ev. 129 to 135, and cases cited. *McBride* v. *McBride,* 4 Esp. 242. *Rex* v. *Watson,* 3 E. C. L. 290. *Rex* v. *Pitcher,* 11 do. 323 & notes. ———— v. *Pratt,* 14 do. 285, note b, *Dixon* v. *Vale,* 11 do. 391. 2 Bac. Ab. title Evidence, 287. *Chapman* v. *Graves,* 2 Camp. 333. *Morris* v. *Digby,* 16 E. C. L. 402. *Brown* v. *Marsh,* 8 Vt. R. 310.

*Parker and Austin,* argued for plaintiff, and cited 1 Stark. Ev. 165; 11 E. C. L. 420; Roscoe's Dig. 133; 1 Swift's Dig. 744; 21 E. C. L. 466; 12 do. 268; 22 do. 288; 11 do. 391; Note of Burr's trial, 1 Stark. Ev. 165; 3 E. C. L. 244, 385.

The opinion of the court was delivered by

Redfield, J.—It is well settled, that a witness is not bound to answer any question, the answer to which might tend to criminate him, *i. e.* expose him to a prosecution for crime, or penalty.

It is doubtless true, that this is not the most effectual mode

of shielding the witness; for the mere fact of claiming the privilege tends very much to show him guilty of the offence. A rule that the testimony should be given in all cases, but should never after be used for the purpose of procuring a conviction of crime, would be more conducive to the reasonable ends of justice, and at the same time afford full protection to the witness. But such is not the law. It is well settled that the testimony, if freely given, may be afterwards used against the witness. I know indeed of no rule to exclude the testimony being given in evidence against the witness, even in a prosecution of a criminal nature, although the witness were compelled to testify under the requisitions of a court of justice. It is obvious, then, that the only security of the witness is in silence. The rule should be so administered as to afford full protection to the witness, and at the same time escape simulated excuses.

It is the privilege of the witness, and he may waive it. And if he submit to testify about the very matter tending to criminate himself, without claiming his privilege, he must submit to a full cross-examination. In 22 E. C. L. R. 244, n. (a.) Lord Tenterden, C. J. said, the objection belonged to the witness, and he would not allow the counsel to argue it. In the case of *Dixon* v. *Vale*, 11 E. C. L. 391, the witness, before testifying to the principal matter, was cautioned, and told that he was not obliged to testify, but he still chose to go forward, and the court would not suffer him afterwards to retract his waiver of the privilege. In all cases where the question, tending to elicit matters involving the witness in a suspicion of crime, fir t arises on cross-examination, the witness is still allowed his privilege, unless he has understandingly waived it. *Rex* v. *Pitcher*, 11 E. C. L. 323. In this latter case the question seemed to be wholly collateral to the principal issue, and tending rather to disgrace the witness, than to show him guilty of crime. But the rule is well settled, that the privilege must be claimed by the witness. Ordinarily, I apprehend, when testimony is expected from a witness, so situated as to be interested in this privilege, he should be told, either by the counsel or by the court, at the suggestion of the counsel, that if the matter will tend to criminate him he is not obliged to testify; but if he begins, he is then bound to make a full disclosure.

ORANGE,
*March,*
1840.

Chamberlain
*v.*
Willson &
Prescott.

From this view of the subject it is obvious that the witness must first determine whether he can make a full disclosure

without stating any fact, *tending*, in any degree, to criminate himself. If he informs the court, upon oath, that he cannot testify without criminating himself, the court cannot compel him to testify, unless they are *fully* satisfied such is not the fact, *i. e.* that the witness is either mistaken, or acts in bad faith, in either of which cases the court should compel the witness to testify.

From the facts detailed in the bill of exceptions, in the present case, it is very certain the court did right in not compelling the witness to give testimony, and their judgment must be affirmed.