CORNELIA A. F. FOSTER *vs.* RANDALL PIERCE.

If a witness, knowing that he is not bound to testify concerning a fact which may tend to criminate himself, voluntarily answers in part, he may be cross-examined as to the whole transaction.

THIS was a complaint under the bastardy act, Rev. Sts. *c.* 49. At the trial in the court of common pleas, before *Perkins*, J. the complainant testified to the facts set forth in the com plaint, and also that she never had sexual intercourse with any person other than the respondent. The respondent intro- duced a witness, whom he asked: " If he knew of the com- plainant's having sexual intercourse during the month, in which the complaint stated the child to have been begotten with other persons than the respondent? " To which he replied that " he did, and on two occasions during that month." The counsel for the complainant then asked with whom such intercourse was had. This the witness hesitated about answering, and the counsel for the respondent asked the court to advise the witness that he was not bound to answer, if the answer would tend to

37 *

criminate himself. But the court declined so to do, on the respondent's application, the witness not having stated that the answer would tend to criminate himself, and not having asked the protection of the court. But it became apparent to the court from the statement and appearance of the witness that he did not answer, because the answer might tend to criminate himself, and that from the beginning of his evidence he had fully understood his right to refuse to give testimony of that character, and thereupon the court declined to state to the witness that he was not bound to criminate himself, but ruled (the respondent objecting) that the witness having given the evidence above stated in chief, could not now under the circumstances, refuse to answer the interrogatory put by the complainant; having stated a part of the transaction, he could not now stop and leave the complainant to suffer under the weight of the former answer, without giving her the usual means of so fixing and identifying the transaction, as to contradict or disprove it, if in her power. If the respondent would strike out the former answer of the witness, he need not go any further. But if the respondent retained and used it, the complainant had a right to all the information which could be given by the witness in answer to the question put. The respondent then asked the court to state to the witness the consequences of declining to answer, and the court stated that if the witness did not answer, he would be committed. The witness then replied that the intercourse was with himself. The jury found the respondent guilty, and to the above refusal and instructions he excepted.

*N. Morton*, for the respondent.

*C. B. Farnsworth*, for the complainant.

DEWEY, J. The general principle of law, that a witness is not bound to criminate himself, is not controverted. But the question is, at what stage of the case is he to claim his privilege? Can the witness proceed to state material facts bearing upon the case, and favorable to one party, and when cross-examined by the opposite party in reference to the same subject, decline answering by reason of his privilege not to criminate himself?

In the case of *Dixon* v. *Vale*, 1 Car. & P. 278, it was ruled by Best, C. J. that if a witness, being cautioned that he is not obliged to answer a question which may criminate him, still does answer such question, he cannot afterwards take the objection to any further question relative to the whole transaction. In *East* v. *Chapman*, 2 Car. & P. 570, Abbott, C. J. says upon a similar objection taken to answering further questions, " you might have objected to giving any evidence, but having given a long history of what passed, you must go on, otherwise the jury will only know half of the matter." It is said in 1 Greenl. Ev. § 451, where the witness after being advertised of his privilege, chooses to answer, he is bound to answer every thing relating to the transaction.

The latter proposition would fully embrace the present case, as the presiding judge in the bill of exceptions states that from the beginning of his evidence the witness had fully understood his privilege, as was apparent to the court. This being so, it was unnecessary for the court further to state the same to him. With this knowledge of his rights, having chosen to answer in part, he must answer fully. In the case of *Brown* v. *Brown*, 5 Mass. 320, a libel for divorce, the counsel proposed that a witness should be allowed to testify that he knew the party to have committed the crime of adultery, but without naming the person with whom the adultery was committed, but the court said they should inquire of the witness with whom it was committed.

It would seem quite reasonable to go somewhat further than the present case requires, and adopt the broad principle that the witness must claim his privilege in the outset, when the testimony he is about to give, will, if he answers fully all that appertains to it, expose him to a criminal charge, and if he does not, he waives it altogether. In *Chamberlain* v. *Willson*, 12 Verm. 491, the principle is directly held that if a witness submit himself to testify about the very matter tending to criminate himself, without claiming his privilege, he must submit to a full cross-examination. If he states a particular fact in favor of the party calling him, he will be bound on his cross-examination to state all the circumstances relating to

that fact, although in so doing he may expose himself to a criminal charge. *State* v. *K——*, 4 N. Hamp. 562.

We are satisfied that the ruling of the presiding judge was correct, and the *Exceptions are overruled.*