STATE *v.* HIRAM KEYSER, alias HIRAM WHITNEY.

*Criminal Law. Breaking and entering with intent to Commit Larceny. Larceny in R. L. ss. 4133, 4134, means not only Grand but Petit Larceny.*

The respondent was found guilty of breaking and entering a church in the day time, and stealing property worth less than seven dollars; and was sentenced to five years' imprisonment. *Held,* that the word *larceny,* as used in the statute, R. L. s. 4133, includes not only *grand* but *petit* larceny; and, consequently, that there was no error in the sentence.

Respondent was indicted for burglariously breaking and entering a church with intent to steal. Trial by jury, June Term, 1883, Ross, J., presiding. Verdict, guilty of breaking and entering in the daytime; and that the property stolen was worth less than seven dollars.

*Harry Blodgett,* for the State.

*Nichols & Dunnett,* for the respondent.

The opinion of the court was delivered by
Royce, Ch. J.   The jury found the respondent guilty of breaking and entering the church described in the indictment in the day time, and that the property stolen by him was worth less than seven dollars.   The respondent upon that finding moved the court to sentence him for petit larceny only; but the court overruled the motion and sentenced him to five years' imprisonment in the state prison; to which the respondent excepted.

State *v.* Keyser.

Whether there was error in the ruling of the court and the imposition of the sentence depends upon the construction to be given to secs. 4133 and 4134 of the R. L. Sec. 4133 provides that a person who in the night time breaks and enters a dwelling house, church, or either of the other places or buildings described, with intent to commit murder, rape, robbery, larceny or other felony, shall be imprisoned in the state prison not more than fifteen years or fined not more than one thousand dollars. Sec. 4134 provides that if either of the acts mentioned in sec. 4133 is perpetrated with such intent in the day time, the person so offending shall be imprisoned in the state prison not more than ten years or fined not more than one thousand dollars; so that the only difference made as to the time when the offence is committed, is in the punishment which the court may impose. The breaking and entering with intent to commit either of the crimes specified in the statute constitutes the offense; and it is not necessary to prove that the intent was executed. Proof that it was executed is evidence of the intent.

At common law, to justify a conviction for burglary, it was necessary to allege and prove that the breaking and entering was with intent to commit a felony; and felony involved a forfeiture of goods. It is claimed, that the words, "or other felony," following the word "larceny," qualify and limit the meaning of the section, so far as the crime of larceny is concerned to *grand* larceny, and that as petit larceny was not a felony under the definition given by sec. 4334 R. L., no such intent was found as would justify the sentence; but we do not think the words, "or other felony," should be so construed. They were intended to apply to and include crimes other than those specified that were felonies at common law. The word "larceny" includes petit larceny ; and if the legislature intended that the intent must be to commit grand larceny it is reasonable to infer that they would have so said. If the words descriptive of the crimes named in sec. 4133 had been so transposed as to place *larceny* before the word *murder*, there could be no doubt as to the construction to be given or the legislative intention ;

and we hold that the statute should be construed as if such transposition had been made, and that proof of an intent to commit any larceny was sufficient.

The respondent takes nothing by his exceptions, and the judgment is affirmed.