STATE v. WILLIAM BEDELL.

ORLEANS COUNTY, 1893.

Before :   ROSS, CH. J., ROWELL AND START, JJ.

*Indictment.   Motion in arrest.   Motion for new trial.   Exceptions.*

1.   An indictment under R. L. 4,128, making it a criminal offence to set fire to a meeting house, church, school house or other building erected for public use, need not allege that the school house, which it charges the respondent with burning, was erected for public use.

2.   This court will not reverse the action of the court below in overruling the respondent's motion for a new trial for that the court did not charge the jury as to the effect of the respondent's not having testified, unless it affirmatively appears by the exceptions that the respondent did not testify.

Indictment for setting fire to a school house with intent to burn the same.   Plea, not guilty.   Trial by jury at the September term, 1892, THOMPSON, J., presiding.   Verdict guilty. Judgment of guilty on verdict.   The respondent excepts. The opinion states the case.

*E. A. Cook* for the respondent.

The indictment should have alleged that the school house was erected for public use.   *State* v. *Roe*, 12 Vt. 93 ; R. L. s. 4,128 ; Whart. Prec. Ind. 2d Rev. Ed. p. 260, s. 396, note

i; Bennett's Vermont Justice, 675; *State* v. *Keyser*, 56 Vt. 622; 2 Bish. Crim. Proc. s. 40; *State* v. *Ambler*, 56 Vt. 672; *Com.* v. *Maxwell*, 2 Pick. 138; *State* v. *Sommers*, 3 Vt. 156; *State* v. *Barker*, 18 Vt. 195; *State* v. *Hodgden*, 41 Vt. 139.

The jury should have been instructed that the failure of the respondent to testify was not to be taken against him. *Vaughn* v. *Porter*, 16 Vt. 266; *Hazard* v. *Smith*, 21 Vt. 123; *Buck et al.* v. *Squires*, 23 Vt. 498; *Westmore* v. *Sheffield*, 56 Vt. 239; *State* v. *Hopkins*, 56 Vt. 250; *Donehue* v. *Ins. Co.*, 56 Vt. 374; *Rowell* v. *Vershire*, 62 Vt. 405.

*W. W. Miles*, State's attorney, for the State.

The motion for a new trial was addressed to the discretion of the county court. *Chase* v. *Davis*, 7 Vt. 476. *Minkler* v. *Minkler*, 14 Vt. 558.

The opinion of the court was delivered by

ROSS, Ch. J. The respondent waived his exceptions to the charge, but relies upon his motion in arrest of judgment, and his motion for a new trial.

The indictment charges the respondent with feloniously setting fire to a school house, the property of a school district named, with the intent to burn the same. The respondent contends that the indictment is lacking in substance, in that it fails to charge that the school house was erected for public use. R. L. 4,128 makes it a criminal offence for a person willfully to set "fire to a meeting house, church, court house, town house, college, academy, jail, school house or other building erected for public use." It assumes that the buildings named are erected for public use, but adds, "or other building erected for public use" to include buildings of like public character not named. This section, in this respect, in legal effect, is analogous to R. L. 4,133, construed in *State* v. *Keyser*, 56 Vt. 622. The indictment

is sufficient to sustain the verdict, judgment and sentence, when challenged by a motion in arrest.

The motion for a new trial is based upon the alleged failure of the court to charge that the respondent's failure to testify should not be taken against him. There is nothing in the exceptions to show that he did not testify. The motion asserts that he did not. Whether this assertion is true the court is not informed. The county court overruled the motion. If the motion was not addressed to the discretion of that court, which we do not decide, there are no such facts placed upon the record as to show that its action in overruling the motion was erroneous.

*Judgment: There is no error in the proceedings, and that respondent take nothing by his exceptions.*