STATE *v.* FRANK H. HODGDON.

February Term, 1915.

Present: MUNSON, C. J., WATSON, HASELTON, POWERS, AND TAYLOR, JJ.

Opinion filed May 17, 1915.

*Criminal    Law—Witnesses—Privileged    Communication—Attorney    and    Client—Impeachment—Conviction    of    Crime—Mere    Arrest—Harmless    Error—Burglary—Variance—Ownership—Possession—Specific    Intent—P.    S.    5751—Breaking    and    Entering    With    Intent    to    Commit    Petit    Larceny.*

In the prosecution of respondent and others for burglary, where each was represented by separate counsel and made a several defence, respondent was properly cross-examined by a corespondent's counsel as to a conversation between the cross-examiner and respondent and his counsel, for that conversation was not privileged because not between respondent and his counsel, or counsel acting in his interest.

In a prosecution for burglary it is error to allow respondent's witness to be cross-examined as to his mere arrest for drunkenness for the purpose of affecting his credibility; but that evidence was admissible, where respondent claimed, and his evidence tended to show, that he was an habitual drunkard, and that at the time of the crime charged he was too drunk to entertain the specific intent requisite to the commission of the crime of burglary.

An information for burglariously entering with intent to steal need not allege the ownership of the property intended to be stolen, and such allegation is therefore surplusage, and there is a marked tendency of the courts in recent decisions to hold that, if made, it is an immaterial part of the offence charged, and so need not be proved.

Under P. S. 2340, providing that in such cases actual or constructive possession by the alleged owner is equivalent to ownership, evidence of the taking of hens from the henhouse of the alleged owner showed his possession of the hens and supported the allegation of ownership in him, precluding a variance.

Under P. S. 5761, a breaking and entry is burglarious if done with intent to commit larceny, regardless of whether the larceny done or intended is petit larceny or grand larceny, although petit larceny is not a statutory felony.

INFORMATION charging respondent and three others with statutory burglary. Plea, not guilty. Joint trial by jury at the June Term, 1914, Caledonia County, *Fish*, J., presiding, but the respondents severed in their defences. Verdict, guilty as to all, and judgment and sentences thereon. The respondents severally excepted. Heard in Supreme Court only as to respondent Frank H. Hodgdon. The opinion states the case.

*Simonds, Searles & Graves* for the respondent.

*N. A. Norton,* State's Attorney, for the State.

HASELTON, J.    This is an information charging this respondent and two others with burglary. All were found guilty, and thereupon the court rendered judgment and imposed sentence upon each, and the respondents excepted. The case of Hodgdon was heard in this Court by itself, and here stands alone, the case having been continued as to the other respondents.

Each respondent was defended by separate counsel, and it sufficiently appears, as indeed it is claimed by counsel for Hodgdon, in one part of their brief, that they did not make a common defence.

Hodgdon took the stand as a witness, and the court permitted counsel for one of the other respondents to cross-examine Hodgdon as to a conversation between the cross-examining counsel on the one hand and Hodgdon and his counsel on the other hand. Counsel for Hodgdon objected and excepted on the ground that the conversation was a privileged communication. But it was not so because it was not a communication between Hodgdon and his own counsel nor between Hodgdon and an attorney acting in his interests.

Under objection and exception counsel for the other respondents, or one of them, cross-examined Hodgdon as to his having been arrested. What was elicited was that he had been twice arrested for drunkenness. He testified to the effect that, as the result of one of these arrests, he was on probation, which

amounted to saying that he had been convicted; but nothing ap-pears as to the outcome of the other arrest. The cross-examina-tion as to a mere arrest was inadmissible. *State* v. *Sanderson,* 83 Vt. 351, 75 Atl. 961; 2 Wigmore §982.

It is a conviction of a witness for crime, and not an arrest, which the court, in the exercise of a reasonable and sound discre-tion, may ordinarily permit to be shown by way of cross-examina-tion for the purpose of showing to the jury the sort of man the witness is. *McGovern* v. *Hays & Smith,* 75 Vt. 104, 53 Atl. 326; *State* v. *Shaw,* 73 Vt. 149, 50 Atl. 863.

But the situation here was unusual. The respondent claimed, and had introduced testimony to show, that at the time of the crime charged he was too drunk to entertain the specific intent involved in the crime of burglary, and in support of this claim he had introduced evidence that he was an habitual drunkard; that he had come home drunk nights in succession, that he was noisy and ''terribly happy'' when intoxicated, that drinking affected his memory, though not his eyesight, unless he fell asleep.

So, although a mere arrest for drunkenness was not any proof of guilt, the respondent was not harmed if the jury took it so, for the respondent had labored throughout to make the most of his habitual drunkenness.

The information charged a breaking and entering with in-tent to steal the goods and chattels of one Rufus Allen. The un-disputed evidence was that hens were stolen, and that the hens so taken were the property of the wife of Rufus Allen. In view of these facts the respondent raised by appropriate exceptions the question of variance between the allegations and the proof as to the intent of the breaking and entry.

In an indictment for burglariously entering with intent to steal, it is not necessary to allege the ownership of the property intended to be stolen. *State* v. *Clark,* 42 Vt. 629.

In such cases, therefore, an allegation as to the ownership of the goods intended to be stolen is surplusage, and while some cases hold that if the allegation is made it must be proved, be-cause descriptive of the offence, others hold that it is an imma-terial part of the description and need not be proved. There is a marked tendency of the courts in recent decisions to take the latter view. 4 R. C. L. 435; *State* v. *Riddle,* 245 Mo. 451, 150 S. W. 1044, 43 L. R. A. (N. S.) 150, Ann. Cas. 1914 A, 884; Note to *State* v. *Simpson,* Ann. Cas. 1912 C, 115; *James* v. *State,*

77 Miss. 370, 26 South. 929, 78 Am. St. Rep. 527; *State* v. *Tyrell,* 98 Mo. 354, 11 S. W. 734.

But actual or constructive possession is, in such a case, equivalent to ownership by virtue of our statute, P. S. 2340, and if ownership is alleged and mere possession proved, there is by virtue of that statute no variance. Here the undisputed evidence and the respondent's claim are that hens of Mrs. Allen, by whomsoever taken, were taken from the dwelling-house of Mr. Allen, and so possession in him was shown. *Kidd* v. *State,* 101 Ga. 528, 28 S. E. 990; *Combs* v. *State,* (Tex. Cr. App.) 49 S. W. 585.

Petit larceny only was shown in connection with the breaking and entry, and by an appropriate exception the respondent raised the question that therefore no burglary was proven. But as our statute, P. S. 5751, formerly R. L. 4133, has been construed, a breaking and entry is burglarious if done with the intent to commit larceny whether or not the larceny done or intended is petit larceny or grand larceny, although petit larceny is not a statutory felony. *State* v. *Keyser,* 56 Vt. 622.

We are satisfied with the decision in the *Keyser* case and hold accordingly without repeating the reasoning upon which it is based.

All the exceptions relied upon by the respondent have been considered.

*Judgment that there was no error in the proceedings, and that the respondent take nothing by his exceptions.*