STATE *v.* DAN NELSON.

January Term, 1917.

Present:   MUNSON, C. J., WATSON, HASELTON, POWERS, and TAYLOR, JJ.

Opinion filed February 17, 1917.

*Witnesses—Competency—Respondents   Separately   Informed Against for the Same Crime—Appearance of Witness on Stand—Claim of Privilege—Improper Argument—Exceptions—When not Considered—Burglary—Sufficiency of Information—Petty Larceny—Evidence Tending to Show Possession, but not Title, in Person from Whom Property Was Taken—Value of Property—Finding by Jury.*

Respondent, and four others, were separately informed against for the crime of burglary, alleged to have been committed in the same transaction; all were arrested, their cases were pending in court, and all five were represented by counsel. On the trial of respondent, the State called as witnesses the other four men informed against. *Held,* they were competent witnesses.

The appearance of a witness while on the stand, and his manner of testifying are proper for the consideration of the jury, in determining the weight to be given his testimony; but when a witness, in a prosecution for burglary, has, by reason of his claim of privilege, given no testimony which is material, or from which anything is claimed by the State, his appearance and manner cannot take the place of substantive evidence, and it is reversible error for the State's Attorney in argument to ask the jury to observe what the witness did, what he testified to, and the reasons given by him for not answering the questions put to him.

In a prosecution for burglary, in which a verdict of guilty of petty larceny has been returned by the jury, exceptions taken by the respondent on trial which raise the question that there was no evi-

dence tending to sustain the charge of burglary, will not be con-
sidered in Supreme Court.

Where an information for burglary charged that the property in ques-
tion was in the possession of one Claflin, it was not error to per-
mit an amendment, at the close of the State's evidence, charging
the ownership as well as the possession of the property to have
been that of Claflin.

In order that a respondent may be found guilty of the crime of larceny,
it is enough that the evidence tends to show that the property in
question was in the possession of the person from whom it was
taken, without tending to show the ownership of it.

In order to sustain a conviction of petty larceny, it is not necessary
that there should be evidence tending to show the value of the
property taken, if it is of such a nature that it has value, and a
specific finding by the jury that the property is of the value of $15,
merely determines that the offence is petty larceny as distin-
guished from grand larceny.

INFORMATION for burglary. Plea, not guilty. Trial by
jury at the December Term, 1915, Orange County, *Waterman*,
J., presiding. Verdict, guilty of larceny of property of the
value of $15. Judgment on the verdict. The respondent ex-
cepted. The opinion states the case.

*Stanley C. Wilson* and *David S. Conant* for the respondent.

*Frank S. Williams*, State's Attorney, for the State.

HASELTON, J. This is a prosecution for burglary. The
prosecution is by way of an information filed by the State's
Attorney. On trial in the county court the jury returned a
verdict of guilty of larceny of property of the value of fifteen
dollars. The valuation of the property made the offence of
which the respondent was found guilty petty larceny under our
statute. Judgment was rendered on verdict, a bill of excep-
tions was allowed the respondent, execution of sentence was
stayed and the cause passed to this Court.

It appeared that the respondent and four other men had
been informed against separately in the same manner in respect
to the same transaction, that all had been arrested, that the five

cases were pending in court and that all the respondents were represented by counsel.

In this case the State called as witnesses the four men informed against as above stated. This respondent claimed that all four were incompetent witnesses, and could not be legally called, sworn, and inquired of in the case. But the court held otherwise, and the respondent excepted. However, the court was entirely right. *Chamberlain* v. *Willson,* 12 Vt. 491, 36 Am. Dec. 356; *State* v. *Duncan,* 78 Vt. 364, 376, 63 Atl. 225, 4 L. R. A. (N. S.) 1144, 112 Am. St. Rep. 922, 6 Ann. Cas. 602; *In re Consolidated Rendering Co.,* 80 Vt. 55, 72-75, 66 Atl. 790, 11 Ann. Cas. 1069. The witnesses were entitled on examination, to claim their personal privilege of not testifying as to matters that might tend to criminate themselves, and this privilege three of them freely exercised. The court throughout carefully saw to it that the privilege to which they were entitled was accorded to them, when claimed by them, as it frequently was by three of them, and once or twice by the fourth one.

In argument the State's Attorney in commenting upon the testimony of these witnesses asked the jury to observe what they did, to observe and remember and consider what they testified to, and the reasons given by them for not answering the questions propounded by the State. This argument was promptly excepted to, and the court noted the exception. Nothing was said by the court or by the counsel to indicate that there was any impropriety in the argument, but it was left, under exception, to have its full natural effect.

In considering the weight to be given to the testimony given by a witness, his appearance on the witness stand and his manner of testifying are proper for the consideration of the jury. But at least three of the witnesses, commented on, had given no testimony material to the case, no testimony from which the State claims anything, and the appearance and manner of a witness cannot take the place of substantive evidence. *In re Bean's Will,* 85 Vt. 452, 459, 82 Atl. 734. The argument in behalf of the State, in effect, asked the jury to conclude what the witnesses could have testified to if they would, and to consider such withheld testimony as having been actually given. The argument in behalf of the State, in so far as it related to the refusal of the witnesses to give testimony, in the exercise of the privilege claimed by them and accorded them by the court, must have

been prejudicial in the extreme to the right of the respondent to have his case tried by the jury agreeably to the evidence given them, and necessitates a reversal.

Several exceptions raise the question that there was no evidence to sustain the charge of burglary, a matter that the court submitted to the jury. But as the jury did not find the respondent guilty of that charge, but by their verdict acquitted him of it, we have no occasion to discuss the exceptions in that regard.

The respondent took an exception under which he presents the claim that the information was insufficient to support a conviction of larceny, because the ownership of the property claimed to have been stolen was not alleged. The information originally alleged that property, in the possession of one Claflin, the respondent did feloniously steal, take and carry away. At the close of the State's evidence the court permitted the information to be so amended that it charged the ownership of the property, as well as its possession, to have been that of Claflin, and the respondent took an exception to the allowance of the amendment. But our statute (P. S. 2340) provides that in a case of larceny, under an allegation of ownership, proof of possession shall be deemed sufficient and shall not constitute a variance. Hence it follows that the amendment was permissible, for under our statute it did not affect the real nature of the charge nor the proof required to sustain it. *State* v. *Casavant,* 64 Vt. 405, 23 Atl. 636.

The respondent excepted to the submission to the jury of the question of whether the respondent was guilty of larceny, on the ground that the ownership of the property in question must be proved, and that there was no evidence tending to show ownership. But as we have already seen it was enough to show possession. P. S. 2340; *State* v. *Hodgdon,* 89 Vt. 148, 151, 94 Atl. 301. And evidence that the property was in the possession of Claflin was abundant.

As we have stated, the jury found the respondent guilty of the larceny of property of the value of fifteen dollars. In various ways the respondent raised the question that this finding was without evidence to sustain it, and was unauthorized. The property, which the State's evidence tended to show was stolen, consisted of twenty chickens. There was no evidence as to their value, but the property was of such a nature that it had value,

and all that the specific finding as to value accomplished was to determine that the offence was petty larceny, as distinguished from grand larceny. P. S. 5755. There is nothing in this matter on which to predicate error.

During one of the recesses of the Court while the case was on trial, the jury separated without the knowledge or consent of the respondent. After verdict and before judgment the respondent moved to set aside the verdict on the ground of such separation. The motion was overruled and the respondent excepted. Confining ourselves to the record, we do not get all the information that is to be desired in passing upon such a question raised as this was, and, as there must be a reversal on the ground already pointed out, we are not called on to discuss this matter.

*Judgment and sentence reversed and cause remanded for a new trial.*