PEOPLE OF PUERTO RICO, Plaintiff and Appellee, v. CARMEN DELGADO, Defendant and Appellant.

No. 6074. Argued November 10, 1936.—Decided November 30, 1936.

*Felipe Colón Díaz* for appellant. *R. A. Gómez, Prosecuting Attorney,* and *Luis Janer, Assistant Prosecuting Attorney,* for appellee.

Mr. Justice Córdova Dávila delivered the opinion of the Court.

Carmen Delgado was convicted of petit larceny. She appealed from the judgment rendered, contending that the lower court erred in holding that the offense had been proved when in fact the evidence tends to show the commission of burglary in the second degree. The truth is that there was evidence tending to show the commission of both offenses. The defendant, during the month of March, 1935, taking advantage of the absence of her neighbors, dry goods dealer Angel Ortiz and his wife, who left their home in the charge of a girl ten years old, entered the said home and there, by means of offers and gifts and even threats caused the said girl to take out and deliver to her some of the small wares and notions which Ortiz kept in a trunk. The said articles were found by the police in the possession of the defendant. The defense offered no evidence whatever.

The information clearly charges the crime of petit larceny. As we have noted, the evidence tends to show the commission of both crimes: petit larceny and burglary in the second degree. The case of *People* v. *Díaz, et al.,* 23 P.R.R. 239, cited by the appellant, may be distinguished from the instant case. In that case this court reversed the judgment of the lower court because, the defendants having been charged with petit larceny, if any crime was proved it was embezzlement and not larceny as charged in the information. In the present case the evidence shows that the appellant, on several occasions, entered into the home of Ortiz, where she committed the crime with which she is charged. Under these circumstances, we are of the opinion that, if the facts charged in the information have been proved, the judgment rendered is correct and should be affirmed, notwithstanding the fact

that the evidence also shows the commission of the offense of burglary in the second degree. A theft is not an essential part of the latter crime, nor is it necessarily comprised within the same as is homicide within murder. Burglary may be committed without the commission of any theft. Any person who enters a building or structure with the intention of committing larceny, or any felony, is guilty of burglary. *People* v. *Garnett,* 29 Pac. 628; *People* v. *Curtis,* 76 Cal. 57, 17 Pac. 941; *People* v. *Devlin,* 143 Cal. 128, 76 Pac. 900.

In *People* v. *Devlin,* supra, the Supreme Court of California cites with approval the following words from Bishop's treatise:

"If in the night a man breaks and enters a dwelling-house to steal therein and steals, he may be punished for two offenses or one at the election of the prosecuting power. . . . " *Bishop's New Criminal Law,* vol. 1, sec. 1062.

In that case the court reached the conclusion that if the government elects to prosecute for the offense of petit larceny, committed immediately after breaking and entering the house of another person with the intent to steal, and the defendant pleads guilty, this does not prevent a subsequent prosecution for burglary.

In the case of *People* v. *Matezuski,* 105 Pac. 425, the Court of Appeals of California, second District, expressed itself as follows:

"It is contended by appellant that the verdict is not supported by the evidence because it tends to establish burglary as well as grand larceny. If it be conceded that larceny is not included in a charge of burglary, and that evidence of a conviction of one of these crimes would not sustain a plea of former conviction, upon a trial of a charge of the other, the jury may nevertheless determine, from evidence which tends to sustain both, which crime was actually committed. The finding upon such an issue is one of fact and will not be disturbed, if there is evidence to support it."

It is also contended that the court erred in having found the defendant guilty without any evidence of the value

of the stolen objects. In jurisdictions such as ours, where the crime is divided into degrees and the penalty for each degree varies according to the greater or lesser value of the objects stolen, it must be shown, in a prosecution for petit larceny, that the objects stolen had at least some value.

In the case of *People* v. *Ramos,* 28 P.R.R. 749, it was alleged as a defense that the value of the objects stolen had not been established. The judgment of the lower court convicting the defendant of petit larceny was affirmed on the ground that since it had been proved that the objects were worth more than $30 and less than $100, it was not necessary to prove the exact value of each one of them.

The decisions, nevertheless, differ as to the necessity of proving in a direct and specific manner, in cases of petit larceny that the objects stolen had some value. In some jurisdictions it is held that in the absence of evidence on the point the court or jury may not establish presumptions to supply such omission. *Burrows* v. *State,* 137 Ind. 474, 37 N. E. 271. In *Baker* v. *State,* 200 Ind. 336, 163 N.E. 268, it is held that it is indispensable to present direct and specific evidence to show that the objects stolen had some value, that this fact can not be presumed except in the case of legal currency of the United States. Other states, however, have adopted a doctrine which seems to us more just and reasonable. According to this doctrine, when the object stolen has an intrinsic value it is not necessary to present direct and specific evidence, and the court or jury may infer that the object has some value, from an inspection of the same or from the description given by the witnesses. *State* v. *Gerrish,* 78 Me. 20, 2 Atl. 129; *State* v. *Nelson,* 91 Vt. 168, 99 Atl. 881; *Houston* v. *State,* 13 Ark. 66; *Mathews* v. *State,* 26 Ga. App. 41, 105 S. E. 383.

In the instant case no evidence was presented to show that the objects stolen had any value; but since the articles in question are dry goods such as stockings, trousers, shirts, of evident intrinsic value, the decision of the District Court

of Ponce cannot be altered because of the fact that no evidence was produced to show the value of the objects stolen, which were presented in evidence and in addition described by some of the witnesses.

The judgment appealed from must be affirmed.

Mr. Chief Justice Del Toro took no part in the decision of this case.