## State of Vermont v. Danny W. LaRue

[418 A.2d 867]

No. 360-78

Present: Barney, C.J., Daley, Larrow, Billings and Hill, JJ.

Opinion Filed August 6, 1980

*John A. Rocray,* Windham County State's Attorney, and *Jesse M. Corum,* IV, Deputy State's Attorney, Brattleboro, for Plaintiff.

*J. Eric Anderson* and *Jean B. Giddings* of *Fitts & Olson,* Brattleboro, for Defendant.

**Per Curiam.** Police seized a very large quantity of marijuana in a house in Dover. As a result certain prosecutions followed. One of them, against a man named Senner, has already been reviewed in this Court. In the factual recitation in that opinion, evidence is mentioned of "[a]nother male occupant [who] then entered the living room from a rear bedroom." *State* v. *Senner,* 137 Vt. 415, 416, 406 A.2d 378, 378 (1979). This defendant, Danny LaRue, is that individual.

This appeal is of his conviction of possession of two or more ounces of marijuana with intent to sell, a felony. 18 V.S.A. § 4224(f)(1)(B). In this case, as in *Senner, supra,* the critical issue is whether or not the State carried its burden, that is, sufficiently established that the defendant possessed two or more ounces of any specific marijuana with the requisite intent. In *Senner* this Court held that the State had not done so.

The question is thus whether there are present in this record additional validly admitted evidentiary facts sufficient to support a different result. If the cases are not distinguishable, reversal is required.

The testimony developed that this defendant was hired by Senner to drive a car from Arizona. The defendant knew that the car had marijuana in its locked trunk. He, however, was not given the key. His statement claimed that the destination of the marijuana was Massachusetts, and he refused to identify the marijuana in the Dover house as part of that from the car trunk.

The car in question was located in Wilmington, but there was no evidence connecting it with the Dover house. There were marijuana traces in its trunk. There was evidence, also, that some of the persons in the Dover house did travel to Boston, Massachusetts. The defendant was among them, having picked up his wife at Logan Airport. She was present when the police arrested the occupants of the Dover house. She and the defendant were sharing the bedroom from which he entered the living room at the time of the officers' entrance. Their personal belongings were in it, but there was no marijuana found in that room.

Certainly, there was a great deal of evidence of criminal activity at the Dover house. But neither association with persons allegedly involved in criminal activity, *State* v. *Senner, supra,* 137 Vt. at 421, 406 A.2d at 381 (citing *State* v. *Dupaw,* 134 Vt. 451, 455, 365 A.2d 967, 969 (1976)), nor strong suspicion of guilt, *State* v. *Boudreau,* 111 Vt. 351, 364, 16 A.2d 262, 267 (1940), is a sufficient basis on which to sustain a defendant's conviction.

Also, as in the *Senner* case, the jury was charged with respect to circumstantial evidence that it must be reconciled on any reasonable basis consistent with the innocence of the defendant, if possible, and must be such as to exclude every reasonable hypothesis other than that the defendant is guilty. No exception was taken below to this charge by either the prosecution or the defendant, so that any issue relating to its propriety, form or content are not here for review. *State* v. *Goyet,* 120 Vt. 12, 63, 132 A.2d 623, 655 (1957). In fact, the State does not challenge here the validity or applicability of

the circumstantial evidence test; it argues, instead, that the test has been fulfilled.

So considered, the evidence in this case does not measure up. It may be that the marijuana in the house came from the car the defendant drove to Wilmington, or it may not. Suspicion may be strong, but neither hypotheses can be discarded as unreasonable. As to possession, if anything, the evidence is less strong as to a possessory interest in this defendant than it was in the *Senner* case, and, certainly, alternative hypotheses of possession in others are inescapable. The fact that the defendant was in the presence of contraband is not alone adequate proof that he possessed it. *State* v. *Carter*, 138 Vt. 264, 415 A.2d 185 (1980); *Delgado* v. *United States*, 327 F.2d 641, 642 (9th Cir. 1964). The verdict of guilty could only be based on suspicion and conjecture. Such a basis is insufficient to support the verdict when challenged, as here, by a motion for judgment of acquittal. The denial of that motion was error.

*Judgment reversed and the verdict ordered set aside. Judgment of acquittal is entered.*