# State of Vermont v. Theresa Benneig

[505 A.2d 1192]

No. 82-564

Present: **Allen, C.J., Hill, Peck, Gibson and Hayes, JJ.**

Opinion Filed December 6, 1985

*Helen V. Torino*, Franklin County State's Attorney, St. Albans, for Plaintiff-Appellee.

*William A. Nelson* and *David Carpenter*, Appellate Defenders, Montpelier, for Defendant-Appellant.

**Peck, J.** This is an appeal from a judgment of the district court convicting defendant, after a trial by jury, of possession of more than one-half ounce of marijuana.

On appeal defendant claims (1) the State failed to produce sufficient evidence to show defendant knowingly possessed marijuana, (2) the court erred in failing to instruct the jury that they might make certain inferences from a witness's silence, and (3) the court erred in prohibiting counsel from arguing that the jury may draw inferences from the witness's silence. We disagree with defendant's claims and affirm.

On June 10, 1982, police from the St. Albans Police Department executed a search warrant at defendant's trailer located in a St. Albans trailer park. The trailer contained two bedrooms, a living room-kitchen area and a bathroom. The police had information that both the defendant and a friend, David Laveille, were involved with drugs. The defendant, her sister Sandra, and a young child were present during the search. The defendant advised police that David Laveille lived at the trailer "off and on" and that she had been dating him about a month.

During the search of one of the bedrooms the police found a brown paper bag in a space between the bed and a wall closet. The bag was partially open at the top. Inside the bag the police discovered a plastic bag containing a green leafy substance later analyzed as 15½ ounces of marijuana. In the same bedroom police also found (1) a set of portable scales, with a maximum capacity of four ounces and of a type commonly used for weighing marijuana; (2) a bank book belonging to David Laveille; (3) utility bills belonging to the defendant; (4) a duffel bag containing men's clothing; and, (5) other clothing police could not identify as either men's or women's.

During a search of the defendant's sister's purse the police found more green leafy material that appeared to be marijuana. At that point defendant told police that the substance in the purse was not hers and that she "didn't even smoke." However, when the defendant spilled out the contents of her own purse, "two marijuana pipes for smoking pot" were revealed. The defendant was asked, "I thought you didn't smoke?", and she responded with a gesture "raising her hands up, palms upward." Finally, in the kitchen area of the trailer, in plain view, the police found a "roach clip," an accessory used by marijuana smokers.

At the close of the State's case and again at the close of all the evidence, the defendant moved for a judgment of acquittal on the ground that the State had not produced enough evidence on the element of possession. The court denied both motions.

At trial the defense called David Laveille as a witness and questioned him about his possession of the marijuana. Laveille refused to answer any questions on the ground that the answers might incriminate him. He refused to say whether he lived at the trailer; whether he was keeping a bag of marijuana there; whether defendant knew the bag was there; or whether someone other than the defendant possessed the bag. At the charge conference, the defense counsel proposed to argue that Laveille's exercise of the privilege raised an inference that he was guilty. The state's attorney asked the court for an order prohibiting any reference by counsel during argument to Laveille's silence. The court indicated its intent to charge that no inference could be drawn. The court "suggested" that defense counsel "tailor [his] argument accordingly." The court added, however, that it would not "make speculative rulings that I don't have to make at this time." Both counsel avoided comment on Laveille's silence during closing argument. The court charged the jury that Laveille's "refusal to answer questions alone cannot be made the basis of any inference by you, either favorable to the State or favorable to the defendant."

## I.

Defendant first claims the State failed to produce enough evidence on all the elements of the charge. Specifically, defendant claims there was no evidence defendant possessed the marijuana.

The court's charge on the elements of the crime has not been challenged and we hold it sufficient. The court instructed that the State must prove the defendant (1) knowingly and unlawfully (2) possessed (3) one-half ounce or more of marijuana. Concerning the possession element, the court instructed the jury, in pertinent part:

> The law recognizes two kinds of possession: actual possession and constructive possession. A person who knowingly has direct physical control, care, or management over a thing at a given time is then in actual possession of it. A person who, although not in actual possession, knowingly

has both the power and the intention, the power and the intention at a given time to exercise dominion or control over a thing, either directly or through another person or persons, is then in constructive possession. In other words, the Defendant does not have to be in actual physical possession but may be in constructive possession if there is the power and the intention to exercise dominion or control.

The law recognizes, also, that possession may be sole or joint. If one thing alone has actual—If one person alone has actual or constructive possession of a thing, possession is sole. If two or more persons share actual or constructive possession of a thing, possession is joint. In other words, possession can be shared, per common sense.

You may find that the element of possession as that term is used today present if you find beyond a reasonable doubt that the Defendant had actual or constructive possession either alone or jointly with others.

This definition of constructive possession comports with the definition we used in *State* v. *Ballou*, 127 Vt. 1, 6, 238 A.2d 658, 662 (1968):

Constructive possession often refers to the person lawfully entitled to immediate physical possession and control. In criminal law possession usually means care, management, physical control, or the secret hiding or protection of something forbidden or stolen.

■ Our evaluation of the sufficiency of the evidence on appeal, whether the evidence is direct or circumstantial, is governed by the following standard: whether the evidence, when viewed in the light most favorable to the State, is sufficient to convince a reasonable trier of fact that the defendant is guilty beyond a reasonable doubt. *State* v. *Derouchie*, 140 Vt. 437, 445, 440 A.2d 146, 150 (1981).

■ We hold that, in applying this standard, the evidence in the instant case was sufficient to convince a jury beyond a reasonable doubt that defendant constructively possessed more than one-half ounce of marijuana. There was evidence from which one could infer that defendant had both the power and intention to exercise dominion and control over the marijuana. Further, there

was circumstantial evidence of physical control, care or management of the contraband.

The marijuana was not concealed under the bed but rather was found between the bed and a wall. The paper bag in which the marijuana was contained was partially open. Thus, there was evidence justifying a reasonable inference that the contraband was not secreted from persons living in the trailer and that the defendant, indeed anyone living in the trailer, exercised dominion or control over the marijuana. In the same room police found utility bills addressed to the defendant, an indication that defendant had access to the room. Defendant lived in the trailer; and she was present at the time of the search. The interior of the trailer consisted of two bedrooms, a living room-kitchen area and a bathroom. This evidence makes reasonable the inference she retained some physical control over the contents of the trailer, including the easily accessible marijuana discovered beside the bed.

The police also found a set of scales in plain view in the bedroom. The testimony revealed they were scales of a type used to weigh drugs. Further, the police seized two pipes from defendant's purse and a "roach clip." When confronted with the pipes, defendant exhibited what might be characterized as a noncommittal shrug in response to the police question, "I though you did not smoke [marijuana]?" These bits of circumstantial evidence of marijuana use by defendant, considered together, serve as evidence that she had the power and intent to control the marijuana which was found in the bedroom.

Defendant argues that this case is similar to two previous decisions by this Court in which we overturned drug possession convictions based on the insufficiency of the evidence. *State* v. *LaRue*, 138 Vt. 547, 418 A.2d 867 (1980); *State* v. *Senner*, 137 Vt. 415, 406 A.2d 378 (1979). In both these cases, as in the instant case, the State relied entirely on circumstantial evidence to show defendant's knowing possession of illegal drugs. However, in both of these previous cases in which we reversed convictions, our decision to reverse was based on the ground that the State failed to introduce sufficient evidence to exclude every reasonable hypothesis other than defendant's guilt. *LaRue, supra*, at 549, 418 A.2d at 868-69; *Senner, supra*, at 418, 406 A.2d at 380. This special standard, used in considering circumstantial evidence, was abolished by our decision in *Derouchie, supra*. Given the standard as enunciated in *Derouchie*, we find the evidence in this case suffi-

cient to withstand defendant's challenge. In combination, the circumstances which attend this case justify an inference that the accused had the power to control and the intent to exercise the control which is required to prove constructive possession. *Commonwealth* v. *DeCampli*, 243 Pa. Super. 69, 75, 364 A.2d 454, 457 (1976). In a similar case, the Superior Court of Pennsylvania found the evidence sufficient. *Commonwealth* v. *Gilchrist*, 255 Pa. Super. 252, 386 A.2d 603 (1978). In *Gilchrist* the defendant was present during the search, the contraband was found in a bedroom, the defendant had easy access to the contraband, and mail addressed to defendant was found in the bedroom. In *State* v. *Atkinson*, 33 N.C. App. 247, 234 S.E.2d 770 (1977), a North Carolina court found sufficient evidence of constructive possession of illegal drugs. As here, the *Atkinson* court considered significant evidence that defendant was a user of the illegal drug he was charged with possessing.

## II.

Defendant claims the court erred when it instructed the jury that David Laveille's refusal to answer questions could not be made the basis of any inference, favorable or unfavorable, regarding the defendant. Further, defendant argues the court erred in preventing defense counsel from arguing the inference to the jury.

There is some doubt as to whether defendant properly preserved either of these arguments for appeal. First, while the court's instruction was discussed at the charge conference, defense counsel never objected to the instruction regarding Laveille's testimony. Further, defense counsel never attempted to argue to the jury that certain inferences could be or should be drawn from Laveille's silence on the stand. The court did "suggest" at the conference that defense counsel tailor his argument to the court's instruction, but the court indicated it would not make speculative rulings.

■ Given defendant's complete failure to object to the court's instruction, this Court must examine defendant's claim under the plain error doctrine. *State* v. *Boucher*, 144 Vt. 276, 282, 478 A.2d 218, 222 (1984); V.R.Cr.P. 52(b). We conclude that if any error occurred in the instruction it was not so grave as to warrant reversal under the plain error doctrine. *Boucher, supra*, at 286, 478 A.2d at 224.

Arguably, defense counsel also failed to preserve for appeal his claim regarding his final argument. The court never specifically ruled that defense could not argue that certain inferences might be drawn from Laveille's silence. Nevertheless, given the court's "suggestion" that defense counsel argument comport with the court's instruction, we will treat defendant's claim as properly preserved.

■ Defendant contends the court's restriction regarding counsel's argument violated defendant's right to present probative evidence and to argue the case to the jury in violation of the Sixth and Fourteenth Amendments to the United States Constitution and Chapter I, Article 10 of the Vermont Constitution. We need not reach defendant's constitutional claims. The silence of witness Laveille was simply not relevant, probative evidence. Since during final argument counsel may only comment on the evidence, the court did not err in excluding comment by defense counsel.

This Court has considered a criminal case in which the trial court permitted the state's attorney to comment during final argument on the refusal of witnesses to testify as to matters which might tend to incriminate them. *State* v. *Nelson*, 91 Vt. 168, 99 A. 881 (1917). This Court reasoned that, in effect, by so arguing the state's attorney "asked the jury to conclude what the witnesses could have testified to if they would, and to consider such withheld testimony as having actually been given." *Id.* at 170, 99 A. at 882. The *Nelson* court held that this argument was prejudicial "in the extreme" to the right to have a case tried "agreeably to the evidence." *Id.* at 171, 99 A. at 882. In other words, in *Nelson* it was improper for the State to comment on the witness's silence because that silence was simply not evidence. We reaffirm the holding in *Nelson*.

As the Court of Appeals of Michigan has held:

> As a matter of public policy, we believe the exercise of a witness's constitutional right to remain silent should not be used as evidence to support an inference for either side. Such an inference is wholly speculative since it rests on litigants' perception of juries' foibles. A jury may infer the refusal to testify is a confession implicating defendant or may somehow believe defendant was not involved since his accomplice would not testify. Neither inference is desirable be-

cause the former is obviously prejudicial to defendants while the latter inference cannot be combated by the truth testing device of cross-examination due to the constitutional rights of the witness. Nor can the evidence be termed "relevant evidence". Relevant evidence means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. MRE 401. The wholly speculative inference advanced by defendant does not make the existence of any fact of consequence more probable or less probable.

*People* v. *Diaz*, 98 Mich. App. 675, 684, 296 N.W.2d 337, 341 (1980). The court below properly excluded argument concerning the witness's silence on the stand; the refusal to testify based on the Fifth Amendment privilege has no probative value on the relevant issue in this case, defendant's innocence or guilt. *United States* v. *Atnip*, 374 F.2d 720 (7th Cir. 1967). Our ruling comports with the general rule that inferences, either favorable or unfavorable to a defendant, may not be drawn from a witness's refusal to testify based on the Fifth Amendment. See 24 A.L.R.2d 895 (1952).

*Affirmed.*