## DANIEL A. BATES v. THE TOWN OF SHARON.*

### Evidence.    Highway.    Exceptions.

When the facts are of such a character as to be incapable of being presented with their proper force to any one but the observer himself, so as to enable the triers to draw a correct or intelligent conclusion from them without the aid of the judgment or opinion of the witness who had the benefit of personal observation, the witness is allowed, to a certain extent, to add his conclusion, judgment, or opinion.

If a town is excusable for delaying the repairs of a defective highway, because impracticable to repair until the frost is out of the ground, it is the duty of the town, in the meantime, especially when practicable, to provide a side-way around the defective place, with proper barriers and guides to indicate to travelers that the side-way is temporarily substituted for the highway.

---

* This case was decided at the February term, 1872.

But whether it can be assumed as matter of law, or not, that such duty rests upon a town, it would be error for the county court to assume as matter of law that it does not, and the refusal of a request to charge, requiring such assumption, is not error.

If the charge be as favorable to a party as he has a right to have it, he cannot except to it, although not strictly correct.

CASE for damage sustained by reason of the insufficiency of a highway. Plea, the general issue, and trial by jury, December term, 1871, BARRETT, J., presiding.

The plaintiff introduced evidence tending to prove, that on the afternoon of the first day of April, 1870, he was passing through the town of Sharon, along the highway on the north side of White River, driving a span of heavy team horses, which he had purchased the day before in Barre, and that his off horse got into some gullies in the highway, caused by the water running across the highway, and thereby received an injury which caused him to be lame by spells ever since in one of his hind legs; that after getting through the gullies, he drove his horses to White River Village, a distance of about fifteen miles, and put up for the night, and did not notice that his horse was lame until the next morning; that he drove the horses that day from Williamstown, a distance in all of about forty miles; that upon discovering the lameness in his horse the next morning, he took one Orville Noyes, who lived at White River Village, with him, and went back to Sharon and notified one of the selectmen, and examined the road; that for a few rods in the road at the place of the alleged injury, there were several gullies, some of them extending across the entire traveled part of the road, and were much deepest on the lower, or river, side of the road, two or three of them being two or three feet deep on the lower side, and gradually growing more shallow as they extended into and across the road.

The plaintiff lived in Fitchburg, Mass., and had never passed over the road before. He testified that he discovered the gullies in the road before he got to them, and got out and examined the road, but seeing no place to drive round, and noticing that teams had passed by, keeping on the upper side of the road, he got back into his wagon and drove his horses as rapidly as he could through this bad place in the road.

The plaintiff's counsel asked the plaintiff whether, from the appearance of the bad place in the road the day he examined it, it appeared to have been there recently, or some time before. To this question the defendant's counsel objected, but the court permitted the same. The plaintiff answered, "I should say from the appearance of it the next day, that it had been there several days."

The plaintiff's counsel asked said Noyes, who examined the road with the plaintiff the next day, whether the gullies had the appearance of having been washed out recently or not. To this question the counsel for the defendant objected, but the court permitted the same. The witness answered, " I should think they had been there, from the appearance, for several days." To the admission of said questions and answers, the defendant excepted. This testimony was given on the part of the plaintiff, in chief.

The defendant gave evidence tending to prove, that at the place in the highway where the alleged injury occurred, in the freshet of October, 1869, the river washed out the entire road for a few rods, and it was repaired that fall by filling up partly, and by extending the road further into the adjoining field, but the road remained directly on the bank of the river; that the soil was sandy and liable to wash, and that while they were repairing this road in the fall, a side-road was made into the adjoining field around this place; that on the day of the alleged injury, all the roads in town, and in adjoining towns, were in bad condition, and had been for some days, as the snow was melting and running off, and the frost coming out of the ground; that a portion of the water from the melting snow on the adjoining field necessarily ran across the road at this place, and could not be prevented, and that it unavoidably washed the road, and could not be prevented, or the road repaired, until the frost was out of the ground; that the highway surveyor of the district examined the road on Tuesday or Wednesday previous to the alleged injury, which was on Friday of the same week, and found that the frost was coming out of the ground, and that the road was washing, and concluded it best to divert the travel from it, and therefore fixed the approaches to the side-road around this place, which was used the fall before, so that the travel could pass around this place, and put a board across the highway near the point of divergence at the upper side, and a pole at the lower, or down river, side, each placed about three feet from the ground; that the surveyor had no knowledge that the highway was washing, or out of repair, until the day he thus fixed it, and the selectmen of the town had no knowledge of the same until after the alleged injury; and there was no testimony that the road had begun to wash or gull out previous to the day that the surveyor diverted the travel as aforesaid; that after that, the travel, to some extent, took the side-road. But it appeared in evidence that the day before the alleged injury, the barriers erected by the surveyor were down, but how, or when they came down, did not appear, and that the board at the upper end lay across the road where it lay the day of the alleged injury, and the

travel passed over it, and kept along on the upper side of the highway. The testimony tended to show that the highway surveyor had no knowledge of this until after the alleged injury. Also. that the first day of April was quite warm in the middle of the day, as was the day before, and a few days previous, and freezing at night, and that the snow was melting rapidly, and the frost rapidly coming out of the ground. The plaintiff introduced a witness who passed over the road on foot on Thursday, the last day of March, in the afternoon, who testified that the snow-water was running across the road freely at this point, and was gullying the road pretty fast. The plaintiff testified that there were no barriers across the road, and that he did not notice the board which lay across the road at the upper end.

The defendant requested the court to charge the jury as follows :

1. " If the jury find that the town, by their highway surveyor, had provided a way to pass around the gullies in the highway, in the manner the testimony tends to prove, the defendant is not guilty of a want of ordinary care, and is not liable in this case to the plaintiff.

2. " If the jury find that the plaintiff knew of the defects in the highway, and got out of his wagon and examined the highway at that point, and saw fit to drive over the road thus defective, rather than pass around by the way provided by the town, he drove at his own risk, and the town is not liable.

3. " That the town is not liable in this case, unless the jury believe that, under the circumstances proved, the town ought to have repaired the defect in the highway before the accident happened, and had reasonable opportunity to do so ; and that if the town could have no such notice and reasonable opportunity as would have enabled them to repair it, the defect was not one for which the town is liable.

4. " If the accident was occasioned in any degree by the plaintiff's want of ordinary care and prudence, he cannot recover.

5. " That a traveler upon the highway is held to a higher degree of care when the roads are bad in the spring of the year, than at other seasons of the year, when the highways are usually good."

The court charged fully in relation to all aspects of the case, and satisfactorily in respect to all the defendant's requests, except the third. As bearing on that, the court called the attention of the jury to the conceded fact, that the place in question was bad and out of repair, and that the plaintiff himself saw its actual

condition before he undertook to go through it. Also to the evidence that the town had opened a side-way through the field around that bad place, feasible and sufficient for traveling in safety. Also to the evidence, *pro* and *con*, whether it was made sufficiently obvious, either by the manner of its connection with the main road, or by guides put up to indicate it, so that the plaintiff would have seen it by the exercise of proper care and outlook under the circumstances; and in that connection the court instructed the jury, if the town had provided such a way, and had made it thus obvious, it had relieved itself from liability to the plaintiff in respect to that bad place in the road; that if the town had not so done, then the question was, whether the plaintiff, in view of the bad place, which was known to him before he undertook to go through it, was in the exercise of such care and prudence as prudent men in his circumstances would exercise, in undertaking to go through it at all; explaining to the jury how the condition of a road may be such that no emergency of travel would justify undertaking to drive over it; and that unless they should find that he was in the exercise of such care and prudence, he could not recover; that, if he did exercise such care and prudence, then the question would be, whether in his management and manner of driving in going through, he was in the exercise of proper care and prudence. If they should not find that he was, then he could not recover. If he did exercise such care and prudence, then he could recover, if in other respects his case was made out by the proofs.

The court, in course of the charge, in effect, instructed the jury that, on the conceded facts, the town was in no default, so far as the plaintiff was concerned, in the matter of indicating to him the bad place, nor in not doing more to warn him from going through it; for the reason that he saw it all before he got to it, and got out of his wagon and examined it before undertaking to go through it.

Inasmuch as the highway surveyor, on Tuesday or Wednesday before the alleged accident, was aware of the defective condition of the road, and according to his own testimony, then prepared a feasible and safe way around the bad place, for public travel, and had put up barricades at each end of the bad place, the court did not instruct the jury one way or the other as to the duty of the town in respect to the repair of that bad place, under the circumstances shown by the defendant's evidence, that was uncontradicted, or that it was liable by reason of not having so done, but put the case to the jury solely on the question whether the sideway was so prepared and pointed out as above expressed; and if

not, then on the two questions above stated as to the exercise by the plaintiff of proper care and prudence.

The defendant excepted, not to the charge as given, but to not charging according to the third request otherwise than is above shown. Verdict for the plaintiff.

*W. C. French,* for the defendant.

I. The facts show that the town is not liable for defects in this highway, under the circumstances, and that the plaintiff, when he undertook to pass over this defective road, did so at his own risk.

1. It is well settled that towns are not *insurers* against all accidents and injuries caused by defects in their highways. *Prindle* v. *Fletcher,* 39 Vt. 255 ; *Clark* v. *Corinth,* 41 Vt. 449 ; *Hubbard* v. *Concord,* 35 N. H. .52 ; *Palmer* v. *City of Portsmouth,* 43 N. H. 265 ; *Morse et ux.* v. *Abbott,* 32 Me. 46.

2. The liability of towns for the want of repair of their highways, proceeds on the ground of *negligence* and *fault* on their part in not repairing them. If they are in no *fault,* they are not liable. See cases *supra,* and Angell on Highways, § 268 ; *Wood* v. *Waterville,* 4 Mass. 423 ; *Rice* v. *Montpelier,* 19 Vt. 470.

3. If one has reasonable ground to believe a highway unsafe, it is not an act of prudence in using it, and he cannot recover for an injury received upon it. *Briggs* v. *Taylor,* 28 Vt. 180, 183 ; *Fulsom* v. *Underhill,* 36 Vt. 580.

4. When highways are out of repair, it is the duty of towns to adopt suitable precautionary measures to protect travelers *during the night time.* Travelers by day ordinarily need no such precautions. *Kimball* v. *Bath,* 38 Me. 219.

II. The court should have instructed the jury according to the defendant's third request. The request was drawn in the language of the supreme court of New Hampshire in the leading case of *Hubbard* v. *Concord, supra,* where the law was held as claimed by the defendant in this case, in an able opinion by SAWYER, J. The same rule has been held in *Johnson* v. *Haverhill,* 35 N. H. 74 ; *Palmer* v. *City of Portsmouth, supra ; Chamberlin* v. *Enfield,* 43 N. H. 356 ; *Howe et ux.* v. *Plainfield,* 41 N.

H. 135 ; *Farnum* v. *Concord*, 2 N. H. 392 ; and is recognized in Maine and Massachusetts. *Frost* v. *Portland*, 2 Fairf. 271 ; *Kimball* v. *Bath, supra ; State* v. *Fryburg*, 15 Me. 405 ; *Howard* v. *North Bridgewater*, 16 Pick. 189 ; *Adams* v. *Carlisle*, 21 Pick. 146 ; *Tisdale et ux.* v. *Norton*, 8 Met. 388. And we claim the question has been settled in this state in *Prindle* v. *Fletcher*, 39 Vt. 255, and *Clark* v. *Corinth*, 41 Vt. 449.

III. It is the duty of the court to instruct the jury upon all questions of law raised by the issue or by the testimony on trial, when requested, or without request. The court should have given the jury proper instructions as to the duty of the town in relation to the repairs of this highway. *Brainard et al.* v. *Burton et al.* 5 Vt. 97 ; *Wetherbee* v. *Foster*, Ib. 136 ; *Briggs* v. *Georgia*, 12 Vt. 60 ; *Vaughan* v. *Porter*, 16 Vt. 266 ; *Campbell* v. *Day*, Ib. 558; *Whitney* v. *Lynde*, Ib. 579 ; *Hazard* v. *Smith*, 21 Vt. 123.

IV. The opinion of the plaintiff, and of the witness Noyes, as to the length of time the gullies had been there, was improperly admitted. 1 Greenl. Ev. § 440. The opinion of non-professional men may be given in connection with the facts observed by them, when, " from the general and indefinite nature of the inquiry, it is not susceptible of direct proof," as in cases of insanity, or as to the insolvency of a person. *Lester* v. *Pittsford*, 7 Vt. 158 ; *Davis* v. *Fullers*, 12 Vt. 178 ; *Cram* v. *Cram*, 33 Vt. 15 ; *Hard* v. *Brown*, 18 Vt. 87 ; *Sherman* v. *Blodgett*, 28 Vt. 149 ; *Richardson* v. *Hitchcock*, Ib. 757.

*S. E. & S. M. Pingrey*, for the plaintiff.

The objection to the questions put to the plaintiff and to the witness Noyes, is not well grounded. If the questions were objectionable at the stage of the trial when put, the objection was obviated by the subsequent concession on the part of the defendant, of the fact of notice.

The defendant's third request, under the circumstances of the case, was absurd.

It was conceded that the road was in bad condition the Tuesday or Wednesday before the injury, and that the town then had notice. It also appeared from the defendant's testimony,

that the washing out of the gullies could not be prevented, nor the bad place repaired, until after the frost was out of the ground. Therefore, the "reasonable opportunity" to repair, from their own showing, could not exist until an indefinite future time, when the frost would be out. The request suggests no duty to be done by the town while thus waiting for the frost to leave the ground; no side-road is suggested; no fencing up of the bad place; no indicia to warn the traveler of it, or to invite him to the side-road.

The opinion of the court was delivered by

PECK, J. The question put to Noyes by the plaintiff's counsel, whether the gullies had the appearance of having been washed out recently or not, and his reply, that he should think they had been there, from the appearance, for several days, and a similar answer from the plaintiff to a like question, were proper. The general rule is, that the opinions of witnesses, except upon questions of art, science, and skill, are not admissible. But the rule has its exceptions. Where the facts are of such a character as to be incapable of being presented with their proper force to any one but the observer himself, so as to enable the triers to draw a correct or intelligent conclusion from them without the aid of the judgment or opinion of the witness who had the benefit of personal observation, he is allowed, to a certain extent, to add his conclusion, judgment, or opinion. The evidence comes within this exception to the rule.

On the question pertaining to the charge, the defendant's counsel has entered upon a discussion much beyond the scope of the case presented by the exceptions. It is only necessary for the court to decide the question involved in relation to which the defendant took exception at the trial. The case states that "the defendant excepted, not to the charge as given, but to not charging according to the third request" otherwise than as shown by the exceptions. The third request to charge was this: "That the town is not liable in this case unless the jury believe that, under the circumstances proved, the town ought to have repaired the defect in the highway before the accident happened, and had

reasonable opportunity to do so ; and that, if the town could have no such notice and reasonable opportunity as would have enabled them to repair it, the defect was not one for which the town was liable." This request assumes as matter of law that if the town had not had reasonable opportunity to repair the defect in the highway before the accident happened to the plaintiff, the town is not liable, and that the verdict should be ·for·the defendant, irrespective of whatever else the jury might find from the evidence in the case. This ignores, or completely repudiates, the idea of any obligation on the part of the town to put up and maintain across the road a barrier to warn travelers that the road at the defective place in question, by reason of its dangerous condition, was not to be traveled ; and to provide a side-way, with proper guides to turn the travel from the dangerous place in the road, and to direct it to the side-way. If the county court had charged according to the third request, they could not, without having the charge repugnant, have recognized in the charge this duty on the part of the town, as they did, to provide a side-way, with proper guides put up to indicate to travelers that it was substituted for the time being, for the highway around the defective place. The accident to the plaintiff happened on the first day of April, on Friday. The evidence on the part of the defense was, that the highway surveyor of the district, on the Tuesday or Wednesday next before the accident, examined the road at the place in question, and found it washing out ; and concluded it best to divert the travel upon a side-way which he opened for that purpose, where the side-way had been used the fall before, when this same piece of road was out of repair, in the field around this bad place. The theory of the defense, so far as it relates to the omission of the town to repair the few rods of road in question, is, that it was impracticable to do it until the frost should come out of the ground ; and hence that the town had not had reasonable time to repair it. It is conceded in argument that it was not claimed ʼat the trial that the road was in ·sufficient repair. If the town was excusable upon this ground for thus delaying the repairs, it is manifest that it was the duty of the town to provide a side-way in the meantime, and turn the travel off the

highway, around the bad place, especially as it appears that it was practicable to do so. But whether it can be assumed as matter of law that such was its duty, or not, it would have been error for the court to have assumed as matter of law that no such duty rested upon the town, as they must have done if the defendant's third request had been granted. Upon this ground the defendant's request was properly denied.

Upon another ground it is manifest that there was no error in the denial of this request, of which the defendant can complain. The court left it to the jury upon the evidence, to say whether the town had properly performed its duty in the manner in which it provided the side-way and guided the travel upon it; and in that connection told the jury that if the town had provided such a way, and had made it sufficiently obvious to the traveler, *it had relieved itself from liability to the plaintiff in respect to that bad place in the road.* Whether this is strictly correct or not, it is not a proposition to which the *defendant* has a right to object. This charge excused the town from all liability for the defect in the highway, if the town had done its duty in the matter of providing a side-way, and properly indicating it to the traveler. The defendant clearly could require no more than this.

Judgment affirmed.