## STATE OF VERMONT *v.* NORMAN HEDDING.

February Term, 1945.

Present: MOULTON, C. J., SHERBURNE, BUTTLES, STURTEVANT and
JEFFORDS, JJ.

Opinion filed May 1, 1945.

*Raymond B. Daniels* for the respondent.

*Reginald T. Abare,* State's Attorney, for the State.

STURTEVANT, J. This is a criminal case in which the respondent
is charged with the offense of operating a motor vehicle while un-
der the influence of intoxicating liquor. The plea was "not guilty,"
a trial was had and the jury returned a verdict of guilty and the
case is here upon the respondent's exceptions.

The State introduced evidence tending to show that shortly af-
ter midnight on the morning of August 20, 1944, Motor Vehicle

Inspectors Dean and Kinney were checking cars on the highway leading from a place known as Sunset Pavilion to Barre City. The respondent drove his car over the aforementioned highway at the time and as he approached the place where cars were being checked he stopped upon signal from one of the inspectors. He was then asked to get out of his car and step around in front of it. Inspector Kinney observed the respondent's walk and noticed an odor on his breath and he was at once taken to the Barre City police station to be examined as to his condition with reference to being under the influence of intoxicating liquor. Dr. Aja was called and reached the station at about one o'clock a.m. and at once proceeded with the examination. He stated that the respondent then had a pulse of 120 and a temperature of 97 and that his breath had an odor like beer and the pupils of his eyes were dilated. When asked to walk the respondent oscillated. He also stated that he asked the respondent to close his eyes and then go to his nose fast with the index finger of his right hand and that the respondent was not able to do so very well. This test was referred to at the trial as the "finger test." On cross examination in reference to whether the result of the finger test showed that the respondent was then intoxicated the doctor was asked: "Would you say that was a conclusive test?", to which he answered: "Unless it is tabes dorsal—unless you have that illness." The doctor gave it as his opinion that at the time of the examination the respondent was under the influence of intoxicating liquor.

The State introduced as a witness one Theodore C. Ashley. Ashley stated that he was and for about six years had been a member of the Barre City police force, and had known the respondent for some time, was at the police station in the early morning of August 20, 1944, when the respondent was examined by Dr. Aja, and that he then had occasion to observe the respondent and noticed his breath and that the respondent staggered when he walked. He was then asked the following question by the State's Attorney: "From your knowledge of Mr. Hedding and your observation of him that night, was Mr. Hedding under the influence of intoxicating liquor?", to which the witness answered: "I should say he was." After this answer had been given the respondent's attorney stated: "I object. I say he can testify to what he saw, but I think it is for the jury to express opinion whether he was intoxicated or

not." The court then stated: "The witness may express his opinion, based on what he saw of him and what he has testified to." To this ruling the respondent asked for and was given an exception. There was no motion to strike out the answer and the objection appears to have been treated by all as timely and we so treat it. It is to be noted that the objection to the question is on the ground that it calls for the opinion of the witness. There was no objection as to the form of the question. It is true that as a general rule witnesses are to state facts and not give their inferences or opinions, but this rule is subject to the exception that where the facts are of such character as to be incapable of being presented with their proper force to anyone but the observer himself, so as to enable the trier to draw a correct or intelligent conclusion from them without the aid of the judgment or opinion of the witness who had the benefit of personal observation, he is allowed, to a certain extent, to add his conclusion, judgment or opinion. *Johnson* v. *Cone, et al.,* 112 Vt 459, 465, 28 A2d 384, and cases cited. The answer objected to comes within the exception to the general rule and the exception is not sustained.

 The respondent introduced as his third witness in his defense one Edward O'Connor. After this witness had testified to knowing the respondent for several years he was asked the following question by respondent's counsel. "Do you know whether he has any reputation for drinking?" This referred to the respondent's reputation and although the question was not objected to by the State, the court ruled as follows: "That hasn't anything to do with this case. May be excluded." To this ruling the respondent was granted an exception. The respondent contends that the exclusion of this question and the ruling that same was not material was error. In support of this contention he cites *State* v. *Daley,* 53 Vt 442, 446, 38 Am Rep 694; *State* v. *Fitzgerald,* 72 Vt 142, 146, 47 A 403; and *State* v. *Mason,* 98 Vt 363, 367, 127 A 651. In the Daley case, 53 Vt at 446, this Court stated: "A respondent in all criminal cases is entitled to the privilege of putting his character in issue. If he offers evidence of his good character the prosecution can rebut it; and the jury have the right to give it such weight as they think it is entitled to." It must be understood that in stating the rule in the Daley case the Court was speaking of characer involving the specific trait related to the act charged, otherwise it

would not be relevant and therefore not admissible. Wigmore on Evidence, Vol. 1, p. 128, sec. 59; *State* v. *Emery,* 59 Vt 84, 89, 90, 7 A 129. We use the word character herein in such restricted sense. At the outset the respondent's character is not an issue in a criminal case. 20 Am Jur p. 304, sec. 325. Therefore the State can not introduce evidence as to the bad character of the respondent unless the respondent first puts it in issue. The reason for the rule stated in the Daley case is that the respondent's character as indicating the probability of his doing or not doing the act charged is essentially relevant. Wigmore on Evidence, Vol. 1, p. 122, sec. 55. That is, when a respondent introduces evidence of his good character, it is for the purpose of raising an inference that he is the type of man that would not be likely to do the thing charged. *State* v. *Mason, supra,* 98 Vt at 367, 127 A 651; *State* v. *Emery,* 59 Vt at 90, 7 A 129.

The respondent was the first witness in his defense. Included in his testimony in substance were the following statements. On the evening in question he went to the Sunset Dance Pavilion which is about four miles from Barre, arriving there at about ten o'clock. He had nothing to drink until about 10:45 when he met a person he knew who gave him two "rum cokes" which he drank. Whether he drank these one immediately after the other or the second at a later time does not appear. He describes these drinks as having been made by putting rum into an ordinary paper cup to about one-third its capacity and then adding Coca-Cola to fill it. Later he referred to the containers as small paper cups and again as medium-sized paper cups. He left the pavilion alone in his car soon after midnight, drove along the highway toward Barre until he came to the place where cars were being checked when he stopped on signal from one of the officers. He stated that he had no trouble handling his car and felt no effect from the drinks.

The statute here in question, P. L. 5153, as amended, so far as here material, provides that a person shall not operate a motor vehicle while under the influence of intoxicating liquor. We have held that a person operating a motor vehicle while in the slightest degree under the influence of intoxicating liquor is within the prohibition of that statute. *State* v. *Storrs,* 105 Vt 180, 185, 163 A 560. It should also be noted that since the statute prohibits one under the influence of intoxicating liquor from operating a motor vehicle, no

question of intent is involved in the case at bar. *State* v. *Storrs,* 105 Vt at 185, 163 A 560; *State* v. *Hopkins,* 56 Vt 250, 260.

The charge that one has operated a motor vehicle while under the influence of intoxicating liquor includes a charge that shortly before the time specified such person drank such liquor. Therefore, from what we have hereinbefore stated, it appears that so long as there was .any question in the case at bar as to whether the respondent drank intoxicating liquor on the evening in question, it was his privilege to introduce evidence, if available to him, as to his trait of character tending to show that he was that type of man who would not have been likely to have drunk intoxicating liquor that evening, and therefore it would not be probable that he was guilty of the .act charged. But after the respondent had testified, the question whether he drank intoxicating liquor that evening was no longer in the case. His admission that he did so settled that issue. It is also true that even though the respondent's character as to ever before having been under the influence of intoxicating liquor may be of the best, such fact if shown would not be material to a determination of the only issue remaining in the case after he had testified, viz., was he under the influence of the intoxicating liquor which he drank that evening when he was stopped by the officer on the highway? When one takes intoxicating liquor into his system nature, and not a trait of character, dictates the result. From the foregoing it follows that when the evidence in question was offered it was no longer material to any issue then in the case and therefore its exclusion was without error.

The court, near the close of its charge to the jury, stated as follows: "Now you have heard especially the doctor's testimony as to the test he gave to him, that, as we recall the evidence, that it was impossible for him to operate the finger test to the nose and that he, the doctor, did not use the word 'stagger,' he used a word that means the same thing, when asked to walk a line." To this the respondent's counsel was given an exception and the grounds for this exception were stated as follows: "I object to that part of the charge bearing on the emphasis of the doctor's testimony without making any reference to his admissions as to certain causes that might bring the same result. He said that anybody that had that disease might have the same result—does not necessarily have to be

caused by drinking liquor." While the charge emphatically called the attention of the jury to the doctor's testimony it did not state either of the reasons given by him as to why a person may not be able to successfully operate the finger test. Why the respondent could not do so was left for the jury to find. It follows that error does not appear on the grounds stated in the exception.

In his brief the respondent contends that the court failed to charge the law as to some material matters in the case. However, no exception was taken to the charge on that ground. Therefore we do not further consider that question.

*Exceptions overruled and judgment affirmed.*