STATE OF VERMONT *v.* JOSEPH LEGACY.

(75 A2d 668)

May Term, 1950.

Present : SHERBURNE, C. J., JEFFORDS, CLEARY, ADAMS and BLACKMER, JJ.

Opinion Filed October 3, 1950.

*Robert T. Stafford,* State's Attorney, for the State.

*Bloomer & Bloomer* for the respondent.

CLEARY, J. This is a prosecution brought by the State in Rutland Municipal Court for an alleged violation of V. S. 47, § 6393 relating to fishing for trout. Trial was by jury. The case is here on the State's exception to the granting of the respondent's motion for a directed verdict on both counts in the complaint at the close of the State's case. In that situation the evidence must be taken in the light most favorable to the State. *State* v. *Boudreau,* 111 Vt 351, 360, 16 A2d 262; *State* v. *Rounds,* 104 Vt 442, 448, 160 A 249. If the evidence, viewed in that light, fairly and reasonably tended to show the respondent's guilt by the required measure of proof, his motion for a directed verdict should not have been granted. *State* v. *Boudreau, supra.*

The evidence showed the following facts: During the summer of 1946 the State converted Black Pond in the town of Hubbardton into a trout pond. In December, 1948, the State put 300 adult brook trout around 14 inches in length in the pond; in July, 1949, the State put 4000 brook trout from 5 to 10 inches long in the pond. On September 1, 1949, the respondent was fishing in Black Pond, using a sectional bamboo pole equipped with a reel, a line, a bob, and a hook, with night crawlers for bait. On that date Black Pond was inhabited by brook trout, perch and rock bass.

The complaint as amended charged that the respondent on the first day of September, A. D. 1949, "did attempt to take by angling trout from the waters of Black Pond, so-called, said first day of September, 1949, not being during the open season for taking trout in the State of Vermont." etc. A second count charged that the respondent "did fish in waters, to-wit, Black Pond, so-called, inhabited by brook trout, brown trout and divers other trout, during closed season" etc.

V. S. 47, § 6316, subdivision I, defines closed season as "that period of time during which fishing or hunting is prohibited"; subdivision II defines open season as "that period of time during which fishing or hunting is permitted"; subdivision IV defines angling as fishing "by means of hook and line in hand or attached to a rod"; subdivision XXII provides that take and taking "shall include every attempt to take."

V. S. 47, § 6390 provides "when a fish is unintentionally taken contrary to a provision of this title, such fish shall be immediately

liberated and returned to the water from whence taken, without unnecessary injury. The person so returning such fish shall not be subject to the penalty for taking same." Sec. 6393 subdivision II provides that a person shall not take a brook trout between August 15 and May 1 and subdivision IX reads as follows: "Except as otherwise provided, a person shall not fish in waters inhabited by any of the fish enumerated in this section during the closed season."

■ The respondent takes the position that the lower court properly granted his motion for a directed verdict because V. S. 47, § 6390 provides otherwise than subdivision IX of § 6393. But the provisions of V. S. 47, § 6390 are of no avail and do not relieve the respondent. There was no evidence that he took a fish and the State does not claim that he did so. Another reason is that the legislative history of the two sections, beginning with Acts of 1888 No. 128 § 2, clearly shows that the purpose of the Legislature in enacting what is now V. S. 47, § 6390 was to relieve a person who unintentionally catches a fish of less length than permitted by § 6393. Still another reason is that, with the exception of V. S. 47, § 6474, whenever and wherever the Legislature has granted relief from the prohibitions of V. S. 47, § 6393, it has specifically mentioned that section in providing the relief. See V. S. 47, §§ 6426, 6439, 6445 to 6449 inclusive, 6459, 6461, 6463, 6466, 6471, 6477 and No. 157 of the Acts of 1949.

■■ In construing statutes the intent of the Legislature must be ascertained and given effect. *State* v. *Estate of Taranovich,* 116 Vt 1, 5, 68 A2d 796; *Troy Conference Academy* v. *Town of Poultney,* 115 Vt 480, 489, 66 A2d 2. If it can fairly be done, a statute must be so construed as to accomplish the purpose for which it was intended. *Reed* v. *Rosenfield,* 115 Vt 76, 78, 51 A2d 189.

■ The intent of the Legislature and the purpose of the legislation are both obvious in V. S. 47, § 6393. The intent is to regulate the taking of trout and salmon and the purpose is to protect them from being taken except at certain lengths, in certain amount and at certain times. *State* v. *Waite,* 105 Vt 265, 268, 166 A 4. The language used is plain. The prohibitions of § 6393 are relaxed in certain instances and for certain named bodies of water by specific language in numerous sections of V. S. 47, and also in No. 157 of the Acts of 1949. For example, V. S. 47, § 6426 expressly provides that a portion of Lake Dunmore shall be considered as not inhabited by fish mentioned in § 6393; V. S. 47, § 6471 and No. 157

of the Acts of 1949 permit the taking of fish in Lake St. Catherine and Eligo Pond during the respective open seasons therefor, notwithstanding subdivision IX of Sec. 6393. But the acts of the respondent complained of do not come within any of the provided exceptions. Whether he was guilty of attempting to take trout and whether he was guilty of fishing in water inhabited by brook trout as charged should have been submitted to the jury as the evidence stood at the time of the motion for a directed verdict.

Considerable evidence was introduced during the trial concerning notices posted around Black Pond and referring to Order No. 11 of the State Fish and Game Commission limiting a day's catch from the waters of Black Pond to ten brook trout. Reference was also made to that order and the posted notices both in oral argument and the briefs on both sides. We do not consider it important except as evidence tending to show that the respondent knew Black Pond was inhabited by brook trout. The case was passed to this Court pursuant to the provisions of V. S. 47, § 2456 before final judgment so *the order granting the respondent's motion for a directed verdict of not guilty is reversed and the cause remanded.*