## State of Vermont v. Frederick G. Demars

(102 A2d 845)

January Term, 1954.

Present: **Sherburne, C. J., Jeffords, Cleary, Adams and Chase, JJ.**

Opinion Filed February 2, 1954.

*Joseph S. Wool* for the respondent.

*Allan Bruce*, State's Attorney, for the State.

**Cleary, J.** This is a prosecution for operating an automobile while under the influence of intoxicating liquor in violation of V. S. 47, §10,287. Trial was by jury with a verdict and judgment of guilty. The case is here on the respondent's exceptions to the denial of his motion for a directed verdict of not guilty, to the admission of opinion testimony and to the court's failure to charge that the presumption of

innocence is in itself a piece of evidence in the respondent's favor.

In passing on the denial of the motion for a directed verdict of not guilty the evidence must be viewed in the light most favorable to the State. · *State* v. *Bromley,* 117 Vt 228, 229, 88 A2d 833; *State* v. *Perras,* 117 Vt 163, 165, 86 A2d 544; *State* v. *Legacy,* 116 Vt 320, 321, 75 A2d 668.

The evidence showed that at about 11 o'clock on the evening of March 19, 1953, the respondent drove his automobile out of a parking area near the bridge on Main Street in Winooski, came up Main Street, passed to the right of another automobile at an intersection when the traffic light was amber, turned onto East Allen Street and proceeded toward Essex Junction. Officers in a police cruiser chased him with both the red colored flasher light on and the siren sounding. The police pulled alongside the respondent and signaled him to pull to the side of the road to no avail. After dropping back to allow an approaching car to pass, the police again pulled along side the respondent and again signaled him to pull to the side of the road. He did not do so but smashed head on into the rear end of another automobile traveling in front of him and in the same direction. During the entire trip the respondent exceeded the Winooski speed limit of 30 miles per hour and drove without lights and without a license. On being questioned by one of the police officers he "got very snotty about it. Said 'don't worry. I am your man but I'll get out of this. I have $13,000 and five cars and can buy myself out of this.' " At the jail he was very talkative, hollered, yelled, used profane and abusive language, swayed considerably, his eyes were very bloodshot, and his breath smelled very strong of liquor. On that evidence plus the opinion evidence hereinafter referred to the jury could fairly and reasonably find by the required measure of proof that the respondent was guilty as charged so the court properly denied his motion for a directed verdict of not guilty. *State* v. *Legacy,* 116 Vt 320, 321, 75 A2d 668; *State* v. *Boudreau,* 111 Vt 351, 361, 16 A2d 262.

The respondent excepted to the court's ruling in allowing one of the arresting officers, from his observation and talk

with the respondent, to state that he had an opinion that the respondent was under the influence of intoxicating liquor and in allowing the other arresting officer, from his observation of the respondent's eyes, slurred speech, language and conduct, to state whether he would say in his opinion the respondent was intoxicated or not. The respondent briefs these exceptions on the ground that the officers failed to testify to personally observed facts sufficient to lay a proper foundation for their opinion evidence and contends that in admitting the opinions the court stepped outside the bounds of its discretionary limit.

■■ Recognition of the fact that a person is in a drunken or intoxicated condition requires no peculiar scientific knowledge. *Ackerman* v. *Kogut,* 117 Vt 40, 44, 84 A2d 131. It is well established that a witness who has had opportunity to observe the facts upon which he bases his opinion may give his opinion as to whether the person was intoxicated at the particular time in question. 20 Am Jur 737; 32 CJS 183; and cases there cited. The facts we related supra were testified to by the arresting officers as personally observed by them. There could be no doubt that they were sufficient to lay a proper foundation for their opinion evidence and that the court's rulings were without error. The exceptions are of no avail to the respondent.

■■ The respondent's final exception is to the failure of the court to charge that the presumption of innocence is itself a piece of evidence to be weighed in the respondent's favor on all material questions in the case in determining the question of the respondent's guilt. The case of *Tyrrell* v. *Prudential Ins. Co.,* 109 Vt 6, 23-24, 192 A 184, 115 ALR 392, established our law contrary to that doctrine and held that a presumption, of itself alone, contributes no evidence and has no probative value, and that the rule applies to all disputable presumptions, including the presumption of innocence. *Taylor* v. *Mayhew,* 109 Vt 251, 257, 195 A 249, recognizes the rule of the Tyrell case. *State* v. *Lizotte,* 109 Vt 378, 387-388, 197 A 396, repeats the rule adopted in the Tyrell case, holds that the function of a presumption is the same in a criminal as in a

civil case and also holds that since the presumption has no probative value, it is not for consideration by the jury and it is not an appropriate subject upon which to charge the jury. The rule established by the Tyrell case has been followed repeatedly by our decisions. See *Bacon, Receiver* v. *Barber*, 110 Vt 280, 287, 6 A2d 9, 123 ALR 253; *In re Estate of Jones*, 110 Vt 438, 442-443, 8 A2d 631, 128 ALR 704; *Nelson* v. *Bacon*, 113 Vt 161, 168, 32 A2d 140; *Montpelier* v. *Calais*, 114 Vt 5, 14, 39 A2d 350; *Beattie* v. *Traynor, Admr.*, 114 Vt 395, 503, 49 A2d 200.

*Exceptions overruled and judgment affirmed. Let execution be done.*