### State of Vermont v. Gareth H. Norton

[353 A.2d 324]

No. 186-74

Present: Barney, C.J., Smith, Daley, Larrow and Billings, JJ.

Opinion Filed February 3, 1976

*Stephen W. Webster*, Orange County State's Attorney, Randolph, for State.

*Robert Edward West*, Defender General and *Robert M. Paolini*, Deputy Defender General, Montpelier, for Defendant.

**Daley, J.** The defendant was convicted of operating a motor vehicle upon a highway while under the influence of intoxicating liquor, in violation of 23 V.S.A. § 1201(a)(2).

The evidence introduced by the State showed that the defendant had been apprehended after the erratic operation of his vehicle, during which he knocked down a rural mailbox and struck a bridge. At the time he was apprehended, three enforcement officers observed his slurred speech, unsteady gait, watery and bloodshot eyes, and an odor of alcohol on his breath. Based upon these observations, the officers opined that he was under the influence of intoxicating liquor, and so testified over objection.

A chemical analysis of a breath test, taken approximately one hour after the defendant was apprehended, showed an alcohol level in his blood of .225 per cent. Testimony was then

introduced by the State that, without the knowledge of when the last drink had been taken, it could not be said what percentage of alcohol an individual's blood contained at a time one hour prior to the administration of the test. No testimony was introduced by either the State or the defendant as to when the last drink had been taken.

Two issues are raised by the defendant in his appeal. He first claims that the opinions of the enforcement officers that he was under the influence of intoxicating liquor invaded the province of the jury. The objection made is that the stated opinions constituted conclusions upon an ultimate issue to be decided by the jury upon proper instructions given by the court; that they are equivalent to a conclusion that the defendant is guilty, and should not be allowed.

■ The defendant does not challenge the sufficiency of the evidence which supports the opinions given by the witnesses; no claim is made that evidence as to the odor of alcohol, bloodshot eyes, unsteady gait, slurred speech and other facts relating to the defendant's physical and mental condition, which was proffered by these same witnesses, is improper or insufficient to support the verdict. Nor would such a claim have availed the defendant here. The evidence formed a sufficient basis for the opinion that the defendant was under the influence of intoxicating liquors. See *State* v. *Hedding*, 114 Vt. 212, 42 A.2d 438 (1945).

It is noted that the issue is not whether testimony on the subject matter of intoxication is proper. The rule permitting a witness to testify that a defendant was intoxicated is well recognized in Vermont. See *State* v. *Brown*, 125 Vt. 58, 209 A.2d 324 (1965); *State* v. *Coburn*, 122 Vt. 102, 165 A.2d 349 (1960); *State* v. *Demars*, 118 Vt. 175, 102 A.2d 845 (1954). The defendant suggests, however, that there is a critical distinction between testimony depicting a person as intoxicated and testimony concluding that he is under the influence of intoxicating liquor. In short, the distinction claimed is that the term "intoxicated" is permissible as a characterization of an aggregate of facts or observations, whereas the phrase "under the influence" is a legal conclusion, and impermissible.

These terms, however, have been found by many courts to be synonymous. See Annot., 42 A.L.R. 555, 556 (1926); 61A C.J.S. *Motor Vehicles* § 625(4). Black's Law Dictionary 4th rev. ed. defines intoxicated as "affected by an intoxicant, under the influence of intoxicating liquor." Indeed, this Court has used the terms interchangeably in cases involving 23 V.S.A. § 1201(a)(2) and its predecessor statutes. See cases cited *supra*.

■ The rationale for the sanction of the type of testimony admitted in the cases cited is found in *Bates* v. *Sharon*, 45 Vt. 474 (1872), in which the Court stated:

> Where the facts are of such a character as to be incapable of being presented with their proper force to anyone but the observer himself, so as to enable the triers to draw a correct or intelligent conclusion from them without the aid of the judgment or opinion of the witness who had the benefit of personal observation, he is allowed, to a certain extent, to add his conclusion, judgment, or opinion.

*Id.* at 481. As stated, testimony on the question of intoxication is admissible in Vermont. If this be admissible, we find no persuasive reason why testimony on the question of whether a given individual is under the influence of intoxicating liquor, as defined in *State* v. *Storrs*, 105 Vt. 180, 163 A. 560 (1933), should be held inadmissible. The opinion testimony which was offered in the lower court is not, as claimed, a legal conclusion of the defendant's guilt, any more than is a witness's testimony which comprises all facts necessary for a conviction.

■ ■ The credibility of the witnesses and the weight to be given their testimony is the sole province of the jury. They may accept or reject, in whole or in part, the testimony of any witness. See *State* v. *Connolly*, Docket No. 96-74, December, 1975. Opinion evidence has no probative value greater than the reasons which support it. It does not establish a material fact as a matter of law and is not of controlling effect. *Green Mountain Marble Co.* v. *State Highway Board*, 130 Vt. 455, 464, 296 A.2d 198 (1972). And, a finding favorable to the

party producing it is not mandated. *International Assoc. of Firefighters* v. *City of Montpelier*, 133 Vt. 175, 178, 332 A.2d 795 (1975).

■ The defendant's argument that the opinion testimony invaded the province of the jury in their determination of the ultimate issue conflicts with the unmistakable trend of authority that testimony should not be excluded solely because it amounts to an opinion as to the ultimate facts. In *Baldwin* v. *Gaines*, 92 Vt. 61, at 68, 102 A. 338 (1917), this Court, recognizing the rule advanced by the defendant in this case, stated that "it will not do to accept this rule too literally." Many forms of testimony go directly to the issues to be decided by the trier of fact, e.g., intoxication and value. The judge must decide whether such an objection is meaningful or is merely "empty rhetoric". 7 *Wigmore on Evidence* § 1920, at 17 (1940). Consistent with this statement is the belief, to which we adhere, that testimony in the form of an opinion or inference otherwise admissible is not objectionable because it embraces an ultimate issue to be decided by the trier of fact. See Fed. R.E. 704. For these reasons, we are of the opinion that the trial court's admission, over objection, of the opinion testimony in question did not constitute an invasion of the province of the jury. No error has been shown.

■ ■ The appellant next claims error in a comment which was made by the prosecuting attorney in his closing argument. He argues that the following comment focused the jury's attention on his failure to testify and is, therefore, reversible error:

> We have no evidence as to just when the respondent, who admitted he had been drinking, had his last drink, and no one has testified as to when that was. None of his friends and, obviously, the State is not in a very good position to prove when he had his last drink. But, I submit to you on this case the evidence is so overwhelming that you have very little choice when you deliberate, and I think you will render a fair verdict.

This comment, however, was not a comment on the failure of the defendant to testify. The prosecuting attorney made no

direct reference to that fact, and the jury could not naturally and necessarily infer that his language was a comment on the defendant's failure to testify. See *United States ex rel. Leak* v. *Follette*, 418 F.2d 1266 (2d Cir. 1969). The decision as to whether or not a comment is prejudicial is clearly within the sound judgment and discretion of the trial court. Its ruling ordinarily will not be reversed here unless it amounts to an abuse of discretion, and the burden of demonstrating this abuse is placed upon the defendant. We do not consider this burden to have been sustained.

Although the appellant cites *Griffin* v. *California*, 380 U.S. 609 (1965), as support for his cause, we find the appellee's comments here not to fall within the interdiction of *Griffin*. In *Griffin*, direct reference was made to the defendant, and counsel's language imputed to him knowledge of material details of the crime. Also cited by the appellant is *Desmond* v. *United States*, 345 F.2d 225 (1st Cir. 1965). In *Desmond*, the government, referring to the alleged occasion when the two defendants had transferred heroin to a government agent, commented in final argument that this evidence stood "unimpeached and uncontradicted". Here, the State had offered no evidence as to the time of the last drink. The comment in question expressly concedes this fact. Consequently, there is no claim made that the State's evidence is unimpeached and uncontradicted. See *State* v. *Rocheleau*, 131 Vt. 563, 313 A.2d 33 (1973). The assertion is simply that "although we cannot prove this one fact, the evidence is otherwise overwhelming." It is in the nature of an admission by the State that it has failed in its proof on this one point. It cannot be said to fall within the ambit of *State* v. *McSheffrey*, 131 Vt. 329, 306 A.2d 702 (1973). Nor can it be likened to the improper prejudicial comment condemned in *State* v. *Ross*, 130 Vt. 235, 290 A.2d 38 (1972) or in *State* v. *Parker*, 104 Vt. 494, 162 A. 696 (1932).

There is no doubt that comment by court or prosecutor on a defendant's failure to testify is prohibited by constitutional and statutory limitations. *Griffin* v. *California, supra; State* v. *Grant*, 127 Vt. 168, 243 A.2d 767 (1968); 13 V.S.A. § 6601. The test used to determine if a comment is

improper was stated in *United States ex rel. Leak* v. *Follette, supra,* 418 F.2d at 1269:

> Was the language used manifestly intended to be, or was it of such character that the jury would naturally and necessarily take it to be a comment on the failure of the accused to testify? (Citations omitted.)

It is the opinion of this Court that the right of the appellant not to take the witness stand is preserved by this test, and further, that the violative elements therein set forth are absent in the language here under consideration.

*Judgment affirmed.*