## State of Vermont v. Robert C. Zele

[716 A.2d 833]

No. 97-239

Present: **Amestoy, C.J., Dooley, Morse, Johnson and Skoglund, JJ.**

Opinion Filed July 10, 1998

*John T. Quinn*, Addison County State's Attorney, and *Sandra W. Everitt*, Deputy State's Attorney, Middlebury, for Plaintiff-Appellee.

*Peter F. Langrock* of *Langrock Sperry & Wool*, Middlebury, for Defendant-Appellant.

**Amestoy, C.J.** Defendant appeals his conviction for possession of marijuana in violation of 18 V.S.A. § 4230(a)(1). He argues that (1)

the marijuana evidence was seized pursuant to a flawed warrant and should have been suppressed, (2) the State should have been required to elect a single cache of marijuana on which to base a conviction, and (3) the court should have declared a mistrial because of improper remarks by the prosecuting attorney during closing argument. We affirm.

In July 1996, two Vermont State Police troopers went to defendant's residence in response to a complaint that an assault had occurred. When the troopers arrived, defendant invited them to enter the residence. While questioning defendant, Trooper Matthew Raymond observed a used waterbong and noticed defendant move a bedroom door to a position that concealed the bong from view. The trooper also detected the odor of burning marijuana. Subsequently, the trooper received an anonymous tip that defendant and his friend dealt drugs from defendant's auto body shop, located in the garage beside the residence. A few days later, Trooper Raymond applied for, and received, a warrant to search defendant's residence and garage for evidence of marijuana use. In the resulting search, police recovered, among other things, two separate quantities, or caches, of marijuana. One cache, weighing approximately 12.5 grams, was found in the kitchen area on top of a cupboard. The second cache, weighing approximately one-half gram, was found in the garage adjacent to the residence. The State charged constructive possession, and a jury returned a guilty verdict. Defendant appeals.

## I.

Defendant's first claim of error is that the marijuana evidence was seized pursuant to a flawed warrant and should have been suppressed. He makes essentially two arguments to support this claim. First, he contends that Trooper Raymond's affidavit sworn in support of the warrant lacked sufficient information to support a finding of probable cause. As part of this claim, defendant asserts that the affidavit contained a tip from an anonymous source which was not properly verified. See V.R.Cr.P. 41(c) (to rely on information in affidavit obtained from confidential informant, there must be a "substantial basis for believing the source of the hearsay to be credible and for believing that there is factual basis for the information furnished"). In this case, we need not determine whether there was sufficient corroborating information with respect to the anonymous source because, even without the anonymous tip, the affidavit set forth sufficient information to support probable cause.

■ ■ Probable cause exists where information set out in an affidavit reveals circumstances from which a person of reasonable caution would conclude that a crime has been committed and that evidence of the crime will be found in the place to be searched. See *State v. Ballou*, 148 Vt. 427, 433-34, 535 A.2d 1280, 1284 (1987). We examine the totality of the circumstances to determine whether there was substantial evidence supporting the warrant, see *State v. Emmi*, 160 Vt. 377, 381, 628 A.2d 939, 942 (1993), keeping in mind that affidavits must be viewed in a common-sense manner and not be subjected to "hypertechnical scrutiny." *Ballou*, 148 Vt. at 434, 535 A.2d at 1284. The affidavit showed that Police Trooper Raymond observed in defendant's residence a large, approximately two-foot-high blue waterbong in plain sight. The trooper observed that the bong was stained and appeared to have been used. Further, the trooper detected the odor of marijuana and observed the defendant move a door into a position that hid the waterbong from view. Those facts alone, when viewed in a common-sense manner, would lead a person of reasonable caution to believe that marijuana had been used at defendant's residence and that evidence of marijuana would be found there.

Defendant's second argument is that Trooper Raymond showed reckless disregard for the truth by stating in the affidavit that he observed a used blue bong in defendant's residence. Defendant claims the bong was unused, and argues that Trooper Raymond improperly boosted the implication of marijuana use.

■ Under principles announced by the United States Supreme Court in *Franks v. Delaware*, 438 U.S. 154, 155-56 (1978), a finding of probable cause may be challenged on grounds that the supporting affidavit contains false or misleading information, or that material information has been omitted. A defendant must establish by a preponderance of the evidence that the government agent "intentionally, knowingly, or with reckless disregard for the truth" included in the affidavit false information, or omitted material information. *State v. Demers*, 167 Vt. 349, 353, 707 A.2d 276, 278 (1997); accord *Franks*, 438 U.S. at 155-56. If a defendant satisfies this initial burden, the reviewing court will assess the affidavit as though false information had not been included, and as though omitted material information had been supplied, to determine if probable cause was shown. See *Franks*, 438 U.S. at 156; *Demers*, 167 Vt. at 353-54, 707 A.2d at 278. The court conducted a *Franks* hearing, at which defendant produced an unused blue bong, which he said was the one observed by Trooper

Raymond. Raymond testified that the bong produced in court was different from the one he had observed at the residence. He noted that the bong produced in court was of different dimensions and did not have a sticker on it that the trooper had observed. The court found Trooper Raymond's testimony credible and concluded that defendant had failed to persuade the court of any falsity in the affidavit. We find nothing clearly erroneous in the district court's denial of the *Franks* motion. See *Demers*, 167 Vt. at 354, 707 A.2d at 279 (Supreme Court will reverse trial court's *Franks* conclusions only if clearly erroneous).

## II.

Defendant next argues that the State should have been required to elect a single cache of marijuana on which to base its possession conviction, or that the court should have instructed the jury that all members must agree on a single cache possessed by defendant. We disagree.

As a general rule, when evidence at trial reflects two or more criminal acts, but defendant is charged with only one such act, the State must elect the specific act it seeks to use as the basis for conviction. See *State v. Corliss*, 149 Vt. 100, 102, 539 A.2d 557, 559 (1987). The rule avoids the risk that certain jury members will base a determination of guilt on one act, while others will rely on another, the result being an absence of unanimity that the defendant committed any single identifiable criminal act. See *id.* The rule also protects from the danger that "jurors will be swayed by the quantum of proof introduced as to all the acts when, in fact, there has been insufficient proof on any one of the alleged acts standing alone." *State v. Bailey*, 144 Vt. 86, 98, 475 A.2d 1045, 1052 (1984). An exception exists, however, and no election is required, when numerous acts are so related as to constitute a single transaction or offense. See *id.* at 98-99, 475 A.2d at 1052 (where defendant committed repeated sexual assaults upon a single victim over a period of one and a half hours, State was not required to elect single act upon which to base conviction). Moreover, we have observed that "[n]o election is required where a single criminal act is involved and the proof shows its commission in different modes and by different means." *State v. Coomer*, 105 Vt. 175, 178-79, 163 A. 585, 587 (1933). The crime charged in this case constitutes a single criminal act and thus falls under the exception to the election rule.

Possession under 18 V.S.A. § 4230(a)(1) is a continuing offense. See 1 W. LaFave and A. Scott, Substantive Criminal Law § 3.2(e), at 32

n.42.1 (Supp. 1998) (crime of possession not an act, but a continuing offense, lasting as long as the act of possession does). The offense is committed when a defendant engages in particular conduct, rather than a specific act or acts. See *United States v. Jones*, 533 F.2d 1387, 1391 (6th Cir. 1976) ("Possession is a course of conduct, not an act . . . ."); *Johnson v. Morgenthau*, 505 N.E.2d 240, 242-43 (N.Y. 1987) (where criminal possession was defined in statute purely in terms of dominion and control, crime was continuing offense).

■ Here, defendant was charged with a single count of constructive possession. See *State v. Benneig*, 146 Vt. 391, 393-94, 505 A.2d 1192, 1194 (1985) (constructive possession is when "[a] person who, although not in actual possession, knowingly has both the power and the intention . . . at a given time to exercise dominion or control over a thing"). The two caches of marijuana introduced at trial both tended to show defendant's commission of a single, continuing offense, not multiple acts. The State was not required to elect an individual cache on which to base its case, nor was the district court required to instruct the jury to premise guilt of constructive possession on a single cache. See *State v. Groves*, 477 N.W.2d 789, 800 (Neb. 1991) (State not required to elect which of three guns could provide basis for guilt in weapons possession charge); *State v. Love*, 908 P.2d 395, 398 (Wash. Ct. App. 1996) (crime of narcotics possession was continuing offense; State was not required to choose between one cache of cocaine found on defendant's person and another found at residence).

## III.

Finally, defendant claims he was denied a fair trial due to inappropriate comments made by the State's prosecuting attorney in closing argument. He claims first that the State made an improper reference to defendant's failure to testify at trial and shifted the burden of proof to him. Second, he claims the prosecutor was untruthful in her argument that no evidence showed that the marijuana in question belonged to someone else.[1] The district court denied defendant's motion for a new trial, and we review that ruling for abuse of discretion. See *State v. Francis*, 151 Vt. 296, 301, 561 A.2d 392, 395 (1989).

---

[1] Defendant raised a third claim of error concerning the State's closing argument, that the State misrepresented the elements of the offense to the jury. The claimed error, however, was raised for the first time on appeal, and thus we will not consider it. See *State v. Hughes*, 158 Vt. 398, 401, 610 A.2d 559, 561 (1992) (error not raised at trial deemed waived on appeal in absence of plain error).

Defendant takes issue with the following statements from the State's closing argument in rebuttal: "Did he [indicating defendant] at any time say anything like 'this doesn't belong to me, this is the wrong person, one of my roommates is a big smoker, but I don't participate?' — we didn't hear any evidence of that." Defendant contends that the statement was intended to be, and was of such a character that the jury would take it to be, a comment on defendant's failure to testify at trial, and improperly placed on him a burden to exculpate himself.

Comment on a defendant's failure to testify by either the court or the State is prohibited under both constitutional and statutory provisions. See *Griffin v. California*, 380 U.S. 609, 615 (1965); *State v. Norton*, 134 Vt. 100, 105, 353 A.2d 324, 327 (1976); 13 V.S.A. § 6601. Comment is improper when it is "'manifestly intended to be . . . [and is] of such character that the jury would naturally and necessarily take it to be a comment on the failure of the accused to testify.'" *Norton*, 134 Vt. at 106, 353 A.2d at 327 (quoting *United States ex rel. Leak v. Follette*, 418 F.2d 1266, 1269 (2d Cir. 1969)). Remarks will not constitute reversible error unless the defendant makes a showing of resulting prejudice. See *State v. Powers*, 163 Vt. 98, 103, 655 A.2d 712, 715 (1994). Whether comment on a defendant's failure is prejudicial to defendant is a decision squarely "within the sound judgment and discretion of the trial court," and this Court will not reverse such determination unless there has been an abuse of discretion. *Norton*, 134 Vt. at 105, 353 A.2d at 327.

■ The court concluded that the State was not commenting on defendant's failure to testify, and we agree. In its closing argument, the defense had stressed that the marijuana belonged to defendant's roommate, Thomas Sweet. In its rebuttal argument, the State countered by pointing out that defendant had made no such statement when police searched his residence. The context of the rebuttal argument makes clear that the State was limiting its comment to what defendant had said, and not said, when Trooper Raymond went to defendant's house to implement the search warrant. The context makes plain that the State intended no comment on defendant's failure to testify at trial, nor would the jury have so construed those remarks. For the same reason, the State's rebuttal remarks were proper under V.R.Cr.P. 29.1 (in rebuttal argument, prosecution shall offer no theory of law or fact that was not presented in one or both of the prior arguments). In any event, the court carefully instructed the jury that defendant bore no obligation to testify at trial, that the jury should make no negative inference from his failure to testify, and that

the State bore the burden of proof as to the elements of the charged offense. Defendant suffered no prejudice from the State's remarks.

Next, defendant claims that the State was not truthful when it stated in its closing argument: "[T]here is no evidence in this case that Tom Sweet possessed marijuana, smoked marijuana, or was living in that house." Defendant notes that at the time the prosecuting attorney made those remarks, the State had already charged Thomas Sweet with constructive possession of the same marijuana for which defendant was charged with possessing. According to defendant, the State's charge against Sweet created reasonable doubt as to defendant's guilt. Defendant charges the State with deliberately contradicting that exculpatory evidence, and thus depriving defendant of a fair trial.

State and federal law impose upon the prosecution a continuing duty to disclose all exculpatory evidence to a defendant. See *Brady v. Maryland*, 373 U.S. 83, 87 (1963); V.R.Cr.P. 16(b)(2). Defendant in this case, however, concedes that the State fully disclosed to the defense the fact that it had charged Thomas Sweet with marijuana possession.[2] Thus the issue may be narrowed to whether the State's remarks were in some respect untruthful, or if the State departed from the evidence at trial, and thereby prejudiced defendant.

A conviction obtained through use of false evidence, where such falsity is known and allowed to go uncorrected by the State, violates a defendant's constitutional rights. See *State v. Ladabouche*, 146 Vt. 279, 281, 502 A.2d 852, 854 (1985). Similarly, in closing arguments, prosecuting counsel may not make inflammatory statements, depart from the evidence presented at trial, or inject counsel's personal beliefs as to the guilt of the accused. See *State v. Riva*, 145 Vt. 15, 20, 481 A.2d 1060, 1063 (1984). Here, defendant's right to a fair trial was not compromised. The State said in rebuttal that "there is no evidence *in this case* that Tom Sweet possessed marijuana." (Emphasis added). So stated, the comment was true because no evidence had been introduced to suggest that Sweet had possessed the marijuana. Defendant himself had stated to the police when they searched his

---

[2] Defendant also argued in his brief that the State had violated two provisions of Vermont's Code of Professional Responsibility. Such violations, if any, have no direct bearing on whether defendant received a fair trial, but rather govern whether an attorney should be sanctioned for unprofessional conduct. Furthermore, at oral argument defendant conceded there was no violation of DR 7-103 (prosecutor must disclose exculpatory evidence), because the prosecutor had disclosed information about the charge against Thomas Sweet.

home that the marijuana did not belong to his roommates, and at the suppression hearing he stated that "Tom Sweet never smoked pot in the house." Thus defendant's contention that the State contradicted exculpatory evidence, or departed from the evidence, fails. Moreover, the fact that Sweet had been charged with possession of marijuana would not exculpate defendant. The trial court instructed the jury that a person can be found guilty of constructive possession even if he possessed the marijuana jointly with another person. Thus there is no reasonable probability that the jury would have returned a different verdict even had it known Sweet had been charged. See *State v. Gibbons*, 146 Vt. 342, 344, 503 A.2d 540, 541 (1985) (to warrant new trial, purported exculpatory evidence must create reasonable probability that, had evidence been introduced, trial outcome would have been different).

*Affirmed.*