## State of Vermont v. Raymond P. J. Bernier

[597 A.2d 789]

No. 90-241

Present: **Allen, C.J., Gibson, Dooley, Morse and Johnson, JJ.**

Opinion Filed August 9, 1991

*Jane Woodruff*, Orleans County State's Attorney, and *Persis H. Worrall*, Deputy State's Attorney (On the Brief), Newport, for Plaintiff-Appellee.

*E. M. Allen*, Defender General, and *William Nelson*, Appellate Attorney, Montpelier, and *Susan A. Davis*, Public Defender, Newport, for Defendant-Appellant.

**Gibson, J.** Defendant appeals from his conviction for petty larceny of a television set and misdemeanor unlawful mischief in connection with the vandalism of a highway rest area. Defendant argues that the trial court committed reversible error by (1) refusing to allow defendant's counsel to voir dire the jury on the issue of reasonable doubt, and (2) permitting a police officer to read from a transcript of defendant's taped interrogation.* We affirm.

## I.

During voir dire, defendant's counsel asked a prospective juror, "What does it mean to you to have evidence beyond a reasonable doubt?" The State objected, arguing that the term is ambiguous and the jury could be confused or misled by the inquiry. The court sustained the objection, stating that "any attempt to define or discuss . . . the charge, reasonable doubt, tends to confuse more than inform" the jury.

---

* Defendant also argued in his brief that the trial court erred in allowing the state's attorney to file an amended information on the first day of trial, charging damage to all property owned by the state rather than specific items. Defendant waived this issue at oral argument.

■■ The nature and scope of voir dire is within the sound discretion of the trial court, and decisions regarding voir dire will be reversed only where the court abuses its discretion. *Parker v. Hoefer*, 118 Vt. 1, 5, 100 A.2d 434, 438 (1953); see also *Woodmansee v. Stoneman*, 133 Vt. 449, 456, 344 A.2d 26, 30 (1975) (holding that the trial court did not abuse its discretion when it refused to allow separate voir dire of each juror because of widespread publicity). Although attorneys in Vermont have the right to examine jurors directly, the trial court is responsible for overseeing the voir dire. V.R.Cr.P. 24(a); see *State v. Oakes*, 129 Vt. 241, 253, 276 A.2d 18, 26, *cert. denied*, 404 U.S. 965 (1971).

■■ In the instant case, defense counsel argues that the question was designed to determine whether the juror had any preconceived ideas that would prejudice defendant. But the question, as framed, would have required the juror to give a legal definition of the term "beyond a reasonable doubt." It is unreasonable to expect a potential juror to define a legal concept. See *State v. Turley*, 87 Vt. 163, 167, 88 A. 562, 564 (1913) ("Jurors are not required or expected to be learned in the law."). The case principally relied upon by defendant, *State v. Hawkins*, 376 So. 2d 943 (La. 1979), is inapposite. In that case, the Louisiana Supreme Court held that the "trial judge erred when he cut off *all* examination by the defense on [the standard of proof] issue." *Id.* at 950 (emphasis added). In contrast, the trial court's ruling herein did not cut off all examination. For example, it did not foreclose counsel from asking other questions relative to the burden of proof or the jury's willingness to follow the court's instructions on the subject. Other courts have held that there is no abuse of discretion in prohibiting voir dire on a legal concept such as "beyond a reasonable doubt." See, e.g., *United States v. Vera*, 701 F.2d 1349, 1356 (11th Cir. 1983); *Dutton v. State*, 452 A.2d 127, 136 (Del. 1982); *Baxter v. State*, 254 Ga. 538, 543, 331 S.E.2d 561, 568, *cert. denied*, 474 U.S. 935 (1985); *Commonwealth v. England*, 474 Pa. 1, 8–9, 375 A.2d 1292, 1295–96 (1977). The trial court did not abuse its discretion.

## II.

Defendant also argues that the trial court committed revers-

ible error by permitting a police officer to read from a transcript of the officer's interrogation of defendant about the incident in question. Defendant submitted voluntarily to the taped interrogation after having received *Miranda* warnings. The State initially sought to play the tape itself. The court, however, sustained defendant's objection to this procedure on grounds that the tape contained substantial irrelevant and inadmissible material. The court instructed the State to avoid these matters, and then allowed the officer to read other portions of the transcript.

■■ Defendant contends that the transcript contained irrelevant and immaterial evidence, including hearsay statements of a co-defendant. The trial court has broad discretion in determining whether evidence is relevant, and will not be overruled absent an abuse of discretion. *State v. McElreavy*, 157 Vt. 18, 23, 595 A.2d 1332, 1334–35 (1991). While it is clear that the evidence was not used for impeachment purposes inasmuch as defendant did not testify or make any other statements, it is also clear from defendant's answers that he was present during the vandalizing of the rest area and that his transcript statements were relevant. Thus, the trial court did not abuse its discretion in rejecting defendant's contention that the evidence was irrelevant and immaterial.

■■ Defendant also argues that most of his answers to the police officer did not constitute admissions because they were mostly denials or statements that he could not remember what had occurred. In his brief, defendant seems to argue that only incriminating statements constitute admissions. Admissions include any statement made by and offered against a party opponent. V.R.E. 801(d)(2)(A); see, e.g., *United States v. Leal*, 781 F.2d 1108, 1111 (5th Cir.) (defendant's out-of-court statements were admissible since they were relevant; "a party's words, offered against him, form an exclusion to the definition of hearsay"), *cert. denied*, 479 U.S. 831 (1986). They need not be against the declarant's interest when made. E. Cleary, McCormick on Evidence § 262, at 776–77 (3d ed. 1984); see, e.g., *People of Territory of Guam v. Ojeda*, 758 F.2d 403, 408 (9th Cir. 1985). Upon a review of the record, we conclude that defendant's responses to the police officer do constitute "admissions" within

the meaning of Rule 801(d)(2)(A). Cf. *United States v. Shunk*, 881 F.2d 917, 918 (10th Cir. 1989) (per curiam) (characterizing defendant's responses to police officer as admissions within the meaning of Fed. R. Evid. 801(d)(2)(A)). Defendant's further contention that his responses were offered for the improper purpose of corroborating the testimony of the co-defendant fails, since, as we have noted earlier, the responses were relevant and he cites no rule requiring exclusion. See *State v. Curavoo*, 156 Vt. 72, 74, 587 A.2d 963, 964–65 (1991) (in the absence of a rule requiring exclusion, all relevant evidence is admissible); V.R.E. 402.

Defendant's final contention is that the police officer's questions in the transcript included inadmissible speculative and conclusory statements. We disagree that the statements were inadmissible. First, the statements provided context for defendant's responses and were not offered for the truth of the matters asserted. See, e.g., *United States v. Gutierrez-Chavez*, 842 F.2d 77, 81 (5th Cir. 1988); *United States v. Jordan*, 810 F.2d 262, 264 (D.C. Cir.), *cert. denied*, 481 U.S. 1032 (1987). Second, where defendant adopted the officer's statements—as was often the case—the statements became adoptive admissions on the part of defendant. V.R.E. 801(d)(2)(B); see *United States v. Smith*, 600 F.2d 149, 152 (8th Cir. 1979). Defendant's contention regarding the speculative and conclusory form of the officer's statements appears to raise the question of whether those statements caused "unfair prejudice." V.R.E. 403. We will not reverse a trial court's Rule 403 ruling absent an abuse of discretion. *State v. Callahan*, 155 Vt. 571, 577, 587 A.2d 970, 973 (1991). In the instant case, defendant has not shown that the court withheld or abused its discretion or exercised it on grounds clearly untenable or unreasonable. See *State v. McElreavy*, 157 Vt. at 23, 595 A.2d at 1335.

*Affirmed.*