## State of Vermont v. Norman D. Powers

[655 A.2d 712]

No. 92-553

Present: **Allen, C.J., Gibson, Dooley, Morse and Johnson, JJ.**

Opinion Filed December 16, 1994

*Scot Kline,* Chittenden County State's Attorney, and *Pamela Hall Johnson,* Deputy State's Attorney, Burlington, for Plaintiff-Appellee.

*Robert Appel,* Defender General, and *Anna Saxman,* Appellate Defender, Montpelier, for Defendant-Appellant.

**Gibson, J.** Defendant was convicted of lewd and lascivious conduct with a child, 13 V.S.A. § 2602. On appeal, he argues that (1) the trial court erred by admitting into evidence a letter defendant wrote after he was charged; (2) the State denied him fair notice of the charges as guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution and Chapter I, Article 10 of the Vermont Constitution; and (3) the State impermissibly commented on his failure to testify, in violation of the Fifth Amendment to the United States Constitution, Chapter I, Article 10 of the Vermont Constitution, and 13 V.S.A. § 6601. We affirm.

Defendant, a Milton resident, owned a camp in St. Albans next door to the home of his victim. The victim, who was eleven years old at the time of the alleged incidents, periodically visited defendant's St. Albans camp. On one occasion in March 1988, the victim accompanied defendant to his Milton home and then to the Burlington YMCA to swim. At his home in Milton, prior to leaving for the YMCA, defendant asked the victim to try on several bathing suits. As defendant tucked the bathing suit string inside the suit he rubbed the victim's penis. Defendant had the victim try on two additional suits and repeated the fondling. Defendant and the victim then went swimming at the YMCA where the victim alleged that defendant again fondled his penis. After swimming, defendant and the victim showered in the locker room adjacent to the pool. While in the shower, defendant rubbed the victim's buttocks.

The State tried defendant on five counts of lewd and lascivious conduct. Defendant was convicted of four counts, three for fondling the victim's penis while the victim tried on bathing suits ("the Milton counts") and one for rubbing the victim's buttocks in the shower.

I.

Defendant argues the trial court committed reversible error by allowing into evidence, over his objection, a letter he wrote to the Department of Social and Rehabilitation Services in which he stated that he had AIDS and recommended that the victim be tested, implying that he and the victim had engaged in sexual activity. Trial courts have wide latitude in determining whether evidence is relevant

and admissible, and we will reverse only if the court withheld or exercised its discretion on clearly untenable or unreasonable grounds. *State v. McElreavy*, 157 Vt. 18, 23, 595 A.2d 1332, 1335 (1991).

■ In moving to have the court exclude the letter, defendant argued that he did not have AIDS, that he was not charged with conduct that could transmit the disease, that the letter was prejudicial, and that he wrote the letter solely to retaliate against the victim for making false accusations.* The court found defendant's letter to be probative of a consciousness of guilt and admitted it as an admission. V.R.E. 801(d)(2)(A); see *State v. Bernier*, 157 Vt. 265, 268, 597 A.2d 789, 791 (1991) (admissions include any relevant statement made by and offered against party opponent).

Defendant claims that the letter is not probative of fondling, and therefore is irrelevant and inadmissible. Defendant's letter suggested, however, that he had had lewd contact with the victim and believed his conduct could have infected the victim with the AIDS virus. Although defendant lied about having AIDS, his admission of contact with the victim remained probative of defendant's improper behavior and that he had engaged in lewd and lascivious behavior with the victim. The trial court properly left the jury to weigh the letter in light of the other evidence. In short, it was well within the court's discretion to conclude that defendant's letter "advance[d] the inquiry," *State v. Raymond*, 148 Vt. 617, 622, 538 A.2d 164, 167 (1987), and was, consequently, relevant.

■ Defendant also contends that the court should have excluded the letter as unfairly prejudicial because it was likely to incite irrational fears of AIDS among jurors, leading them to conclude that he was more likely to have committed the offenses because he had the disease. V.R.E. 403 requires the trial court to balance an item's probative value against the danger of unfair prejudice. V.R.E. 403; *Quirion v. Forcier*, 161 Vt. 15, 21, 632 A.2d 365, 368 (1993). The "balancing test" is left to the trial court's discretion, and we will reverse only if the court abused its discretion. *McElreavy*, 157 Vt. at 23, 595 A.2d at 1334-35. In this case, the court considered the letter's probative value in light of defendant's testimony that the letter was untrue and the fact that he did not have AIDS. The court acknowledged that it could not totally eliminate the possibility the letter

---

* The parties stipulated at trial that defendant had been tested and did not have the AIDS virus.

might evoke irrational fears from jurors. It nevertheless found the letter's probative value substantially outweighed its prejudice, reasoning that the letter was an admission by defendant of his lewd contact with the victim. In an effort to mitigate its prejudicial impact, the court excised those portions of the letter it found either inflammatory or irrelevant, and instructed the jury that defendant had tested negative for the AIDS virus. Under these circumstances, we cannot say that the court abused its discretion by admitting the letter.

Defendant further claims that the letter was unfairly prejudicial because its references to AIDS implied that he was homosexual, suggesting to jurors he was more likely to have had lewd contact with the victim because of his sexual orientation. In addition, he contends that the State impermissibly introduced the letter as evidence of prior bad acts to prove his character, contrary to V.R.E. 404(b), and that as character evidence the letter was inadmissible except on cross-examination of a character witness, V.R.E. 405(a). These arguments were not raised at trial and are therefore not preserved for appeal. See *State v. Bubar*, 146 Vt. 398, 400, 505 A.2d 1197, 1199 (1985) (objection on one ground does not preserve an appeal on other grounds); V.R.E. 103(a)(1) (requiring party to state specific ground of objection).

In sum, we hold that the trial court properly exercised its discretion in admitting the letter.

## II.

Defendant next argues that his convictions on the three Milton counts should be reversed because the State denied him fair notice of these charges, in violation of the Sixth and Fourteenth Amendments to the United States Constitution and Chapter I, Article 10 of the Vermont Constitution.

In May 1989, defendant filed a "Motion for Specificity and Motion for More Definite Statement or Dismissal in the Alternative." Defendant claimed, in part, that the Milton counts were not adequately specified because they read the same, were supported by a single affidavit, and did not list the date of the alleged offenses. Defendant further argued that the Milton counts, as worded, placed him at risk of future prosecution for the same incidents, in violation of the double jeopardy clause of the Fifth Amendment to the United States Constitution and Chapter I, Article 10 of the Vermont Constitution. In addition to the motion, defendant submitted a memorandum, arguing that counts two and three of the Milton counts were

"duplicitous" of the first, subjecting him to multiple prosecutions for the same offense, also in violation of the double jeopardy clause of the Fifth Amendment and Chapter I, Article 10. The trial court denied the motion, finding that the Milton counts were not "duplicitous" nor would they subject him to multiple prosecutions. The court did not further address defendant's contention that the charges lacked specificity. Subsequently, the State, with the court's approval and defense counsel's consent, amended the informations by adding that the Milton counts occurred "on or about March 25, 1988." Defendant made no further objections.

Although defendant argued both at trial and on appeal that the counts lacked specificity, defendant based his constitutional objections below exclusively on double jeopardy grounds, not fair notice. Defendant never raised fair notice as a constitutional issue with the trial court. By failing to do so, defendant waived this issue. See V.R.Cr.P. 12(f) (failure of defendant to raise pretrial error or issue of which defendant has knowledge constitutes waiver thereof); *State v. Bruyette*, 158 Vt. 21, 35-36, 604 A.2d 1270, 1277 (1992) ("A defendant must inform a trial court when he reasonably believes that he is entitled to a remedy, or when he believes that a court should act on his behalf.").

### III.

Defendant's final claim on appeal is that the State improperly commented on his silence at trial when questioning defendant's wife. The state's attorney posed the following questions to defendant's wife on direct examination:

Q: [The victim] has made some serious allegations about your husband, correct?
A: Yes.
Q: Do you have any hard evidence to disprove them?

The trial court sustained defendant's objection to the latter question and instructed the jury that defendant had no obligation to present evidence on his own behalf and that the State bore the burden of proof. The court denied defendant's motion for a mistrial.

■ Defendant argues that by asking defendant's wife if she had evidence to disprove the allegations against her husband, the State commented on his silence, in violation of the Fifth Amendment to the United States Constitution, Chapter I, Article 10 of the Vermont Constitution, and 13 V.S.A. § 6601. He contends that the court's

curative instruction was insufficient to remedy the harm caused, and that his convictions must therefore be reversed. We disagree.

Improper remarks do not constitute reversible error absent a showing of prejudice against the defendant. *State v. Trombly*, 148 Vt. 293, 301, 532 A.2d 963, 968 (1987). A prompt curative instruction may "remove the taint of improper comment." *Id.*; see also *State v. Hamlin*, 146 Vt. 97, 104-05, 499 A.2d 45, 51 (1985) (where prosecutor commented on defendant's silence, prompt curative instruction was sufficient remedy). In this case, the court promptly instructed the jury that the State bore the burden of proof, and that defendant had no obligation to present any evidence to disprove the allegations. In its final instructions, the court further reminded the jury of the State's burden and instructed it not to consider defendant's failure to testify in its deliberations. Whether or not the question asked of defendant's wife was improper, the court's instructions were sufficient to correct any possible prejudice in this case.

*Affirmed.*