VERMONT SUPREME COURT

109 State Street
Montpelier VT 05609-0801
802-828-4774
www.vermontjudiciary.org



Case No.      25-AP-034

*Note: In the case title, an asterisk (\*) indicates an appellant and a double asterisk (\*\*) indicates a cross-appellant. Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

NOVEMBER TERM,   2025

State of Vermont v. Travis Barratt\*

}  APPEALED FROM:
}  Superior Court, Franklin Unit,
}  Criminal Division
}  CASE NO. 56-1-21 Frcr
   Trial Judge: Alison S. Arms

In the above-entitled cause, the Clerk will enter:

Defendant appeals his conviction of one count of sexual assault following a jury trial. We affirm.

In January 2021, defendant was charged with two counts of sexual assault by compelling complainant to participate in a sexual act without her consent, each in violation of 13 V.S.A. § 3252(a)(1).[*] The State introduced the following evidence at defendant's July 2024 trial.

One evening in October 2020, complainant accompanied her boyfriend, E.T., and his friend, J.W., to defendant's home. There, she met defendant and his girlfriend for the first time. The group was listening to music, talking, dancing, and drinking alcohol.

At one point, complainant, defendant, E.T., and J.W. went to the back porch to smoke cigarettes. E.T. and J.W. began play-wrestling on the ground while complainant and defendant watched from the deck. After complainant sat down in a chair, defendant removed his penis from his pants and asked, "you want some of this?" Before complainant could respond, defendant pulled her head toward him and put his penis in her mouth. Complainant did not want to engage in oral sex with defendant. She pushed him away and stood up. J.W. looked up at the porch and saw defendant physically approach complainant and complainant shove him away, but did not attribute particular significance to this at the time.

Complainant did not say anything to defendant at this point because she was still trying to understand what was happening and why, given that she and defendant had just met. She did not tell E.T. or J.W. what had happened when they returned to the deck because she knew that a fight would result, and she did not want the children who were present in the home to experience that.

---

[*] The State also initially charged defendant with simple assault but dismissed this count with prejudice before trial.

Defendant, complainant, E.T., and J.W. went back inside and the group continued to drink for a while. Defendant's girlfriend then went to bed upstairs. Complainant, E.T., and J.W. went to the living room to lay down for a while before J.W. drove them home. E.T. "passed out" on the floor and J.W. left to smoke a cigarette. Defendant then entered the room and stood in front of complainant, who was laying on a couch, so that her head was level with his groin. He again removed his penis from his pants and placed it in her mouth. Complainant had done nothing to indicate that she wanted this to happen. She backed her head away from defendant. He attempted to pull her sweatpants down. Complainant said "no" and attempted to hold her pants up, but defendant tugged them down regardless. He then put his penis in complainant's vagina. Complainant testified that at this point, she "blacked out." She explained that she felt weak and as though she could not fight defendant off, so she "froze."

The next thing complainant remembered was J.W. waking her up and telling her that her pants were down. Complainant began crying. She felt semen between her legs. She begged J.W. to take her home, and complainant, J.W., and E.T. left defendant's house. Complainant was distraught and did not think of going to the hospital or the police at the time.

Complainant spoke to the police about this incident for the first time in January 2021. She provided them with a written statement indicating that after defendant placed his penis in her mouth for the second time, when she was on the couch, she "blacked out." Complainant did not allege in her January 2021 statement that defendant placed his penis in her vagina.

The State rested after calling complainant and J.W., and defendant moved for a judgment of acquittal on both counts. The court denied the motion. Defendant then testified. He stated that he believed complainant was paying more attention to him than others when she arrived at the gathering. He explained that he engaged in oral sex with her twice that night—once on the deck and once on the couch—and that complainant never indicated she did not want to. He denied pulling complainant's pants down or putting his penis in her vagina.

After the close of evidence, the State elected to charge the first sexual-assault count based on defendant placing his penis in complainant's mouth without consent, and the second based on defendant placing his penis in complainant's vagina without consent. The court so instructed the jury. Following deliberation, the jury found defendant guilty of the first count and acquitted him of the second. This appeal followed.

Defendant challenges his conviction on two grounds. Both pertain to a trial court ruling that allowed complainant to reference "being in therapy" during her testimony. Defendant first contends that this testimony should have been excluded as irrelevant under Vermont Rule of Evidence 402. See V.R.E. 402 (providing that "[a]ll relevant evidence is admissible" except where otherwise limited by law or rule, while "[e]vidence which is not relevant is not admissible"). His main argument, however, is that—even if relevant—the testimony was inadmissible under Rule 403 because any probative value was substantially outweighed by the risk of unfair prejudice. See V.R.E. 403 (providing that relevant evidence may be excluded where its probative value is substantially outweighed by, among other things, danger of unfair prejudice). In his view, evidence that complainant saw a therapist after the alleged assault led the jury to believe that defendant must have sexually assaulted her and influenced their deliberations.

The issue first arose after defendant's attorney questioned complainant, on cross-examination, about her January 2021 statement. Complainant agreed that in this statement, she wrote that after defendant put his penis in her mouth for the second time she "blacked out," and

did not indicate that defendant subsequently placed his penis in her vagina. When the prosecutor followed up on redirect examination, complainant testified that as of January 2021, her memory was that she "blacked out." The State asked complainant to clarify what she meant by this, and complainant began to respond, saying, "Well, I had worked with a therapist after this, too." At this point, defense counsel objected that any work complainant had done with a therapist was irrelevant. The prosecutor argued that it was relevant if it helped complainant define what "blacked out" meant to her. The court overruled defendant's objection. Complainant then testified that she did not mean she had "blacked out" because she had been drinking alcohol— instead, she was describing the feeling of freezing in response to a traumatic event. She also indicated that talking through the events of that night in therapy helped her remember more details from the time when she had "essentially frozen." Defense counsel did not raise any further objections to complainant's testimony on this point.

This record demonstrates that although defendant preserved his Rule 402 argument, he failed to raise his Rule 403 claim before the trial court. While defendant argued that the testimony about therapy was irrelevant, he did not argue that any relevance was outweighed by a danger of unfair prejudice. Where an issue has been forfeited through a party's failure to raise it below, we may consider it only under the rubric of plain error. State v. Muhammad, 2007 VT 36, ¶ 10, 182 Vt. 556 (mem.) (explaining that where defendant "failed to make a specific objection" to admission of evidence, his Rule 403 claim was forfeited "absent a showing of plain error"). Here, defendant does not contend that the court's failure to exclude this testimony as unduly prejudicial on its own motion constituted plain error. As a result, we do not address his unpreserved Rule 403 argument. See State v. Lyddy, 2025 VT 1, ¶ 19 (declining to address unpreserved argument where defendant did not argue plain error).

The only question before us, then, is whether the trial court erred in concluding that complainant's testimony about being in therapy was relevant and therefore admissible under Rule 402. "The trial court has broad discretion in determining whether evidence is relevant," and we review only for an abuse of that discretion. State v. Bernier, 157 Vt. 265, 268 (1991). Under this deferential standard, we will not disturb the criminal division's ruling unless defendant demonstrates that the court's discretion was either withheld or exercised on clearly unreasonable grounds. State v. LaGore, 2025 VT 41, ¶ 9.

Defendant has not made this showing here. The only argument he offers as to relevance is his assertion that the fact that complainant saw a therapist is irrelevant "because it does not help prove any elements of the crime of sexual assault." Rule 401, however, provides that evidence is "relevant" if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." V.R.E. 401 (emphases added). This "broad formulation" of the test of relevancy was employed "to make clear that relevant facts are not limited to those formally put in issue by the pleadings and the substantive law invoked." Reporter's Notes, V.R.E. 401. In other words, the rule simply does not require that evidence go directly to an essential element of a claim or charge in order to be "relevant." Instead, provable propositions under the rule "include not only those directly bearing on the issues, but others, such as propositions germane to issues outside the pleadings tried by express or implied consent, propositions pertinent to credibility, and a full range of background facts which may not even be disputed but are necessary to a complete narrative." Id.

Here, defendant placed complainant's credibility in question by drawing the jury's attention to the discrepancy between her written statement and trial testimony. The State then

sought to provide an explanation for this discrepancy, beginning by asking complainant to explain what the language she used in her written statement— "blacked out"—meant to her. The trial court enjoys broad discretion in determining relevance, and defendant has not shown that it abused that discretion in ruling that complainant's testimony about being in therapy was relevant to the extent it helped elucidate her use of this term.

Affirmed.

BY THE COURT:

Harold E. Eaton, Jr., Associate Justice

William D. Cohen, Associate Justice

Nancy J. Waples, Associate Justice

4